[No. 14021.     Department Two. — October 1, 1891.]

OTTO BRANDT, RESPONDENT, *v.* O. M. THOMPSON
ET AL., APPELLANTS.

MORTGAGE BY DEED ABSOLUTE — PASSING TITLE — CONVEYANCE BY MORT-
GAGEE — NOTICE TO PURCHASER. — A deed absolute in form, but which is
shown to have been intended as a mortgage, does not pass the legal title
to the land; and a conveyance by the mortgagee to a third person, who
knew the nature of the deed to the mortgagee when he took the convey-
ance, does not pass title, but only carries to the purchaser the rights of
the mortgagee.

— QUIETING TITLE — CONSTRUCTION OF DECREE — INTEREST OF MORT-
GAGEE — RIGHT OF FORECLOSURE — ERRONEOUS DECREE. — A decree, in
an action to quiet title to land, that the plaintiff is the owner in fee-
simple of the land, and that one claiming the legal title thereto under a
deed absolute in form has no interest therein except that of a mortgagee,
"to be determined by proper suit of foreclosure," merely reserves the
right to the mortgagee to have his interest determined as such mortgagee
without declaring what that interest is, and does not exclude him from
enforcing his rights as such mortgagee, though it is erroneous in under-
taking to quiet the title of the mortgagor, and then disturbing it again
by declaring the mortgagee's right to foreclose.

ID. — PAYMENT OR TENDER OF MORTGAGE DEBT — STATUTE OF LIMITATIONS.
— A mortgagor of land under a deed absolute in form cannot have his
title quieted as against the mortgagee without first paying or tendering
the debt for which the mortgage was given. The only way to quiet a
mortgage is to pay it, regardless of whether the debt is or is not barred
by the statute of limitations.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*N. O. Bradley*, and *E. D. Edwards*, for Appellants.

If an action to quiet title can be brought under our
statute upon an equitable interest, it cannot be brought
against the holder of the legal title. (*Von Drachenfels*
v. *Doolittle*, 77 Cal. 296; *Harrigan* v. *Mowry*, 84 Cal.
456.)     An action to quiet title will not lie as such
where it appears that the legal title is in the defendant,
though the complainant may be entitled to a conveyance
from the defendant of the legal title upon a complaint
seeking such conveyance from him as trustee. (*Nidever*
v. *Ayers*, 83 Cal. 39.)     Where land is conveyed by deed

absolute in form to secure indebtedness, the mortgagor cannot have the same quieted without the payment of the debt, though it be barred by the statute of limitation. (*De Cazara* v. *Oreña*, 80 Cal. 132; *Hughes* v. *Davis*, 40 Cal. 117; *Chandler* v. *Chandler*, 55 Cal. 267; *Whitmore* v. *San Francisco Sav. Union*, 50 Cal. 146; *Booth* v. *Hoskins*, 75 Cal. 271; *Castro* v. *Barry*, 79 Cal. 448.) An absolute deed, although shown by parol evidence to have been intended as a mortgage, conveys the legal title. (*Hughes* v. *Davis*, 40 Cal. 117.) The plaintiff in this case could not maintain the action without paying or tendering to the defendant the amount due him. (See *Tripp* v. *Duane*, 74 Cal. 85.)

*Justin Jacobs*, for Respondent.

A deed absolute on its face, given as security for a debt, does not convey the legal title, but the legal title remains in the grantor the same as in the case of any other kind of mortgage. (Code Civ. Proc., sec. 744; *Cunningham* v. *Hawkins*, 27 Cal. 603; *Jackson* v. *Lodge*, 36 Cal. 28; Civ. Code, secs. 2924, 2925; *Taylor* v. *McLain*, 64 Cal. 514; *Healy* v. *O'Brien*, 66 Cal. 517; *Hall* v. *Arnott*, 80 Cal. 348.)

McFARLAND, J. — This action was tried upon the second amended complaint. What the preceding complaints were does not appear. The second amended complaint presents simply an action to quiet title. It is averred that plaintiff is, and for a long time has been, the owner in fee and in the actual possession of certain described land; that defendants claim and assert an interest of some kind in said land; and that defendants, or either of them, have no right, title, or interest whatever in said land. The prayer is, that defendants be required to set forth the nature of their asserted claims, and that it be decreed that they have no right, title, or interest in said land, and that plaintiff has an absolute title thereto. The defendant Herman Brandt, who is plaintiff's brother, made no defense.

Defendant Thompson filed an answer, in which it is denied that since March 4, 1885, plaintiff has been the owner or in possession, or entitled to possession, of the said land; and in which it is averred that from said March 4, 1885, to April 23, 1888, the defendant Herman was the owner in fee and in possession of said land; that on April 23d, Thompson held a mortgage on said land, amounting at that time, principal and interest, to $13,679.50, and that said Herman proposed to him that if he would satisfy said mortgage, and pay said Herman the sum of $6,200, the latter would sell and convey said land to him (Thompson); that he accepted the proposition, released said mortgage, paid said $6,200 to said Herman, and that the latter, on said twenty-third day of April, 1888, conveyed said land to Thompson, since which time he has been the owner in fee and entitled to the possession of said land.

The court below found that on March 3, 1885, plaintiff was owner in fee and in the possession of said land, and has ever since been in possession, holding the same adversely to defendant and all the world, and that neither of the defendants has been in possession of the same or any part thereof; that on said March 3, 1885, plaintiff borrowed of Thompson eight thousand five hundred dollars, and to secure the same, executed to him a mortgage on said land; that on the next day (March 8th) plaintiff executed and delivered to his said brother Herman, defendant herein, a deed of conveyance of said land, absolute in form, but intended only as security for six thousand dollars, borrowed by plaintiff from said Herman; that afterwards, on March 19, 1888, Thompson " paid to the said Herman Brandt the said sum of six thousand dollars ($6,000), which he, the said Herman Brandt, had loaned to plaintiff, together with two hundred dollars ($200) interest, and satisfied on the records the said mortgage of eight thousand five hundred dollars from plaintiff to Thompson "; and that on said March 19, 1888, said Herman made a deed of conveyance of said land to said Thompson.   It is found, also, that at the time of said last

conveyance Thompson knew that the said deed from plaintiff to said Herman of March 4, 1885, was intended as security for the said loan of six thousand dollars. And upon these facts the court found that the said deed of March 4, 1885, from plaintiff to Herman was a mortgage to secure six thousand dollars, and did not pass the title, and that the deed from Herman to Thompson carried to the latter only Herman's interest, viz., that of a mortgagee; that plaintiff is the owner in fee of the land as against Thompson, and that Thompson has no right, title, or interest therein, except as a mortgagee thereof, having a mortgagee's interest therein, to be foreclosed by a proper suit of foreclosure against plaintiff herein; and that plaintiff is entitled to a decree as prayed for, to "quiet title" to said land against Thompson and those claiming under him, "except as a mortgagee thereof, having a mortgagee's interest therein, to be determined by a proper suit of foreclosure."

A judgment was rendered in accordance with these conclusions; that is, it was decreed that plaintiff is the owner in fee-simple of the land, and that Thompson has no interest therein except that of a mortgagee, "to be determined by proper suit of foreclosure against plaintiff herein." Thompson appeals from the judgment, and from an order denying a new trial.

We think the evidence sufficient to warrant the findings of the court that the deed from plaintiff to his brother Herman was given to secure six thousand dollars borrowed money; that it was therefore only a mortgage; and that Thompson knew the nature of said deed when he took his conveyance. And the court was correct in holding that it did not pass the title. The doctrine of *Hughes* v. *Davis*, 40 Cal. 117, has been abrogated, and the rule stated in *Jackson* v. *Lodge*, 36 Cal. 28, and *Cunningham* v. *Hawkins*, 27 Cal. 603, restored by sections 2924 and 2925 of the Civil Code. (See *Taylor* v. *McLain*, 64 Cal. 514; *Healy* v. *O'Brien*, 66 Cal. 519; *Hall* v. *Arnott*, 80 Cal. 348.)

Neither do we think that the decree (assuming that

it was based upon a proper theory) excludes Thompson from enforcing his rights as a mortgagee under the said mortgage from plaintiff to Herman Brandt, with respect to which Thompson would be subrogated to the rights of Herman. It merely undertakes to reserve to Thompson the right, " by proper suit of foreclosure," to have determined his interest " as a mortgagee," without declaring what that interest is.

But the judgment must be reversed for other reasons.

It is somewhat difficult to say from the pleadings in this case what issues were really before the court; but the court found certain facts upon which the validity of the judgment in favor of respondent must be determined. Now, upon those facts, respondent stands simply in the position of a mortgagor seeking to quiet his title against a mortgagee without paying, or tendering or offering to pay, the debt for which the mortgage was given. But such a result cannot be achieved. It would be against general equitable principles and adjudicated cases. (*De Cazara* v. *Oreña*, 80 Cal. 132; *Booth* v. *Hoskins*, 75 Cal. 271; *Spect* v. *Spect*, 88 Cal. 437.) In the case of *Booth* v. *Hoskins*, 75 Cal. 271, the rule was applied when the mortgage debt was barred by the statute of limitations. The only way for a party in respondent's position to quiet a mortgage is to pay it. The decree in the case at bar first undertakes to quiet respondent's title, and then disturbs it again by declaring appellants' right to foreclose.

If appellants' debt should become barred by the statute of limitation, then, by this decree, respondent would have his title quieted without paying the mortgage debt, — the very thing which equity says cannot be done. Respondent can have no remedy in the premises without paying or tendering the amount due appellant on his mortgages; and the court erred in holding otherwise.

No doubt both parties, with a better understanding of their rights, can reconstruct their pleadings so as to better present those rights to the court.

The judgment and order appealed from are reversed, with leave to both parties to amend their pleadings as they may be advised.

DE HAVEN, J., and BEATTY, C. J., concurred.