[Sac. Nos. 1403, 1410.   Department One.—August 30, 1906.]

## D. M. BURNS, Respondent and Appellant, v. G. W. HIATT, Appellant and Respondent.

FORECLOSURE OF MORTGAGE — NECESSARY PARTIES — GRANTEE OF MORT-GAGOR—CONTINUANCE OF MORTGAGE.—A grantee of the mortgagor whose deed was recorded before the commencement of a suit to foreclose the mortgage was a necessary party to the action, and

his title is not affected by the foreclosure; but the mortgage continues as to him as if there had been no foreclosure.

ID.—ACTION BY GRANTEE TO QUIET TITLE—BAR OF DEBT BY STATUTE.—The grantee of the mortgagor who took subject to the lien of the mortgage, cannot maintain an action to quiet his title against the mortgagee, nor recover the possession from him without paying or offering to pay the mortgage debt, notwithstanding it is barred by the statute of limitations.

ID.—RIGHTS OF PURCHASER UNDER VOID FORECLOSURE—ASSIGNEE OF MORTGAGEE—POSSESSION WITHOUT CONSENT OF GRANTEE OF MORTGAGEE.—A purchaser of the property at a foreclosure sale, when, for any reason, the foreclosure proceedings are void, thereby becomes an assignee of the mortgage and of the debt thereby secured, of which the mortgage is an incident, with all the rights of the original mortgagee; and where he acquired possession of the premises peaceably and in good faith under color of such foreclosure proceedings, he must be deemed a mortgagee in possession, as against the grantee of the mortgagor who was not a party to the foreclosure, although there was no consent of such grantee to the possession, express or implied, and the grantee cannot disturb his possession without paying the debt. [Beatty, C. J., dissenting.]

ID.—CASE OVERRULED.—The case of *Davenport* v. *Turpin,* 43 Cal. 597, in as far as it holds that a grantee of a mortgagor may recover possession without paying the mortgage debt, is overruled.

CROSS-APPEALS from a judgment of the Superior Court of Yolo County. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

E. B. Mering, G. V. Martin, and W. A. Anderson, for G. W. Hiatt, Appellant and Respondent.

Arthur C. Huston, for D. M. Burns, Respondent and Appellant.

ANGELLOTTI, J.—This action was brought by plaintiff to obtain a decree quieting his title to the west twenty-two feet of lot 2 in block 4 in the city of Woodland, he alleging in his complaint that he was the owner and entitled to the possession of said property. The complaint was in the usual form of complaints in actions to quiet title. Judgment was given,—1. That plaintiff was the owner in fee simple and entitled to the possession of said property; 2. That he owns the same "subject to the rights of the defendant, Hiatt, under

a certain indenture of mortgage made, executed and delivered on the 18th day of August, 1892, by George H. Jackson to the said G. W. Hiatt''; 3. that said Hiatt has no right, title, or interest in said premises, ''except such right, title or interest as may be derived by the said Hiatt, under the said mortgage''; and 4. That a certain foreclosure proceeding instituted by said Hiatt on said mortgage, and the decree, judgment, and all proceedings therein are null and void so far as plaintiff is concerned, and in no way bind him.   These are appeals from said judgment,—one by the defendant from the judgment in favor of plaintiff, and the other by plaintiff from that portion of the judgment decreeing that his ownership of the property is subject to the rights of defendant under said mortgage.   Both appeals are on the judgment-roll.

According to the findings of the trial court, based upon appropriate allegations in that behalf contained in defendant's answer, the material facts are as follows: On August 18, 1892, one Jackson was the owner and in possession of the property in controversy and other property, and on that day he borrowed one thousand dollars from defendant, giving him his note therefor, payable one day after date, with interest at the rate of nine per cent per annum, and also, as security for the payment thereof, a mortgage on said premises, which mortgage was duly recorded on August 22, 1892.   On November 29, 1893, said Jackson executed and delivered to plaintiff, a grant, bargain, and sale deed of the property in controversy, which deed was duly recorded on the same day.   On August 15, 1896, said note and mortgage being wholly unpaid, defendant commenced an action against Jackson for the foreclosure of said mortgage.   Plaintiff was never made a party to this action.   Proceedings were had in such action, resulting, on December 1, 1898, in a judgment for the sale of the mortgaged premises and the application of the proceeds to the payment of the amount found due,—viz. $1,344.89.   At the sale so ordered defendant became the purchaser for the sum of twelve hundred dollars.   He subsequently, on August 30, 1899, received from the commissioner appointed to make the sale a deed for the premises, and immediately entered into the possession of all of the mortgaged premises, and has ever since been and now is in the actual and peaceable possession of the same, claiming to own the whole thereof.

The court further found that the possession of said premises taken by defendant after the delivery of the commissioner's deed was without the consent of the plaintiff, and also that the note and mortgage are barred by the provisions of section 337 of the Code of Civil Procedure.

This action to quiet title was commenced on July 22, 1904, almost five years after defendant's possession commenced.

Plaintiff not having been made a party to the foreclosure proceedings, his title to the mortgaged premises was, of course, in no way affected thereby. It is the universally accepted rule wherever a mortgage is only a lien, not only before but after default in its conditions on the part of the mortgagor, that the title of the grantee of the mortgaged premises is not affected by a foreclosure of the mortgage in an action commenced after the conveyance to him, unless he is made a party to the action. As to him, under such circumstances there is no foreclosure. This is not disputed by defendant.

It does not, however, follow from this that he is entitled to a decree quieting his title against the mortgagee. He took the property under his deed from the mortgagor, subject to the lien of the mortgage, and as to such lien, he thenceforth stood in the place of the mortgagor. The proceeding to enforce such lien, although ineffectual against plaintiff by reason of the fact that he was not made a party, did not operate to divest the lien. His rights were in no way affected by the proceeding and he acquired no additional right thereby. He simply continued to be the owner of the property, subject to the lien which had not been enforced, his situation in this regard being precisely the same as it would have been had no attempt to foreclose been made. The mortgage was not extinguished by the ineffectual attempt to enforce it. It is clear that where, for any reason, foreclosure proceedings are void, the legal title continues subject to the lien of the unpaid mortgage, and it appears to be well-settled that a purchaser of the property at a foreclosure sale in such void proceedings thereby becomes an assignee of such mortgage, and the debt thereby secured, of which the mortgage is an incident, with all the rights of the original mortgagee. (See *Miner* v. *Beekman*, 50 N. Y. 337; *Townshend* v. *Thompson*, 139 N. Y. 152, [34 N. E. 891]; *Turman* v. *Bell*, 54 Ark. 273, [26 Am. St. Rep. 35, 15 S. W. 886]; *Cooke* v. *Cooper*, 18 Or. 142, [17 Am.

St. Rep. 709, 22 Pac. 945]; *Bryan* v. *Kales,* 162 U. S. 411, [16 Sup. Ct. 802]; *Bryan* v. *Brasius,* 162 U. S. 415, [16 Sup. Ct. 803]; *Investment Sec. Co.* v. *Adams,* 37 Wash. 211, [79 Pac. 625]; *Frische* v. *Kramer's Lessee,* 16 Ohio, 125, [47 Am. Dec. 368]; 2 Jones on Mortgages, sec. 1395.)

So far, therefore, as the claims of plaintiff that his title should be quieted against the mortgagee is concerned, we have the case presented in *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763],—viz. that of a party standing in the position of a mortgagor seeking to quiet his title against the mortgagee, without paying or offering to pay the debt for which the mortgage was created. It is the settled rule in this state that this cannot be done, even though the mortgage debt be barred by the statute of limitations. In *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763], which was an action by a mortgagor in possession to quiet his title against the mortgagee under such circumstances, it was said: "But such a result cannot be achieved. It would be against general equitable principles and adjudicated cases. [Citing cases.] · The only way for a party in respondent's position to quiet a mortgage is to pay it. . . . Respondent can have no remedy in the premises without paying or tendering the amount due appellant on his mortgages." The same rule was previously applied in *Booth* v. *Hoskins,* 75 Cal. 276, [17 Pac. 225], which was also an action to quiet title by a mortgagor in possession, and in which the mortgage debt was barred by the statute of limitations. In *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203], which was an action in ejectment by the successor of the mortgagor against a mortgagee in possession, it was pointed out that the rights which grow out of the relations existing between mortgagor and mortgagee, as well as the remedies for the enforcement and protection of those rights, are of equitable origin and are to be determined by the principles of equity, whether the right be asserted or the remedy sought in an action at law or in equity. It was there said: "Whenever a mortgagor seeks a remedy against his mortgagee which appears to the court to be inequitable, whether it be to cancel the mortgage as a cloud upon his title, or to enjoin a sale under the power given by him in the security, or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the conditions

that he shall do that which is consonant with equity." It was further declared in that case that the fact that the debt is barred by the statute of limitations is immaterial in such a case, the statute barring the remedy only, and not extinguishing, or even impairing, the obligation of the debtor. As long as the obligation to pay the debt exists, it is not equitable that the mortgagor should have relief against the mortgage given to secure the same, and such relief can be given only on condition that he discharges the obligation.

From what has been said, it is clear that plaintiff cannnot complain of the judgment. He was not entitled to a judgment decreeing him to be the owner of the property free and clear of the alleged mortgage. It is suggested by him that the defendant in his answer does not set up any equity. He does fully set up the facts already stated, which show such equity, and we know of no reason why this is not sufficient.

Another question is presented by defendant's appeal from the judgment. Is he thereby given everything to which he is entitled upon the facts already stated? While the judgment declares that plaintiff's ownership is subject to the rights of defendant under the mortgage, and probably saves to defendant the right to take such affirmative proceedings as the law allows for the collection of the debt, a somewhat valueless privilege if the statute of limitations has run against his debt, as the court finds, it also undoubtedly entitles plaintiff to take and retain possession of the property. He is expressly adjudged as against defendant to be "the owner in fee simple *and entitled to the possession*" of the property, and this adjudication as to his right to possession is not at all qualified by any other portion of the judgment. The defendant, standing in the position of a mortgagee, is in possession of the mortgaged premises, this possession having been taken without the consent of plaintiff, standing in the position of the mortgagor, but having been taken and peaceably retained by him under a claim made in good faith that he owns the same by virtue of the attempted but ineffectual sale made in the foreclosure proceedings. By the judgment, the person standing in the position of a mortgagor is given possession of the mortgaged premises, without being compelled to pay the mortgage debt. The question is thus presented as to whether a mortgagee who has entered into and holds possession of the mortgaged prem-

ises, under such circumstances, can be thus disturbed in his possession, at the suit of a mortgagor having the legal title who does not pay or offer to pay the mortgage debt.

In *Spect* v. *Spect*, 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203], it was declared that, in consonance with the equitable principles applicable in the determination of the relative rights of mortgagor and mortgagee, "it is a settled rule that a mortgagor cannot maintain ejectment against his mortgagee until the debt is paid." This was said with reference to a mortgagee who had been placed in possession by the mortgagor, and as to such a case it is not seriously disputed by plaintiff that the rule is as stated in that case. It is universally declared by the decisions that ejectment will not lie on behalf of the mortgagor against a mortgagee who may properly be called a "mortgagee in possession." The contention of plaintiff is that no one can be included in that term unless he has entered into possession by reason of the agreement or assent of the mortgagor or his assigns that he have such possession under the mortgage and because of it—that the mortgage being a mere lien not entitling the mortgagee to possession, some assent on the part of the mortgagor thereto is absolutely essential to a right to possession in the mortgagee. If we disregard all equitable considerations, this position of plaintiff is apparently impregnable. But the rule is based solely upon equitable considerations (see *Spect* v. *Spect*, 88 Cal. 443, [22 Am. St. Rep. 314, 26 Pac. 203]), and, we think, means more than plaintiff's contention would make it mean.

Mr. Pomeroy, in his Equity Jurisprudence, declares the doctrine established by the courts in this matter to be that, while the mortgagee is declared to have no legal estate and is unable to recover possession against an unwilling mortgagor or owner of the fee subject to the mortgage, yet if the mortgagee, while the mortgage is still subsisting, does "in any lawful manner" obtain the possession, his interest under the mortgage enables him to retain such possession, and to defend it against the mortgagor, or those succeeding to his title. He further says: "If, through his (the mortgagor's) express consent, or through any other lawful means, the mortgagee has been permitted to obtain possession of the land, the mortgagor's only remedy is the equitable suit for a redemption."

While admitting that it is difficult to reconcile this doctrine, on principle, with the theory that the mortgage is purely a lien, he declares that the doctrine is retained by the courts as settled. (3 Pomeroy's Equity Jurisprudence, secs. 1189 and 1190.) Thus stated, in a manner which seems to us to be fully warranted by the authorities, the true rule would appear to be that where the mortgagee has, under color of the mortgage or legal proceedings based thereon, acquired possession without resort to force, fraud, or any other unlawful or wrongful means upon which he would be estopped to found a right, and under such circumstances as not to make it inequitable that he should retain such possession as security, he will be regarded as a mortgagee in possession, and his possession will not be disturbed at the suit of the mortgagor, unless the mortgagor first pay the mortgage debt. So stated, the rule is in consonance with the equitable maxim that he who seeks equity must do equity, and with the well-recognized rule applicable in determining the relative rights of mortgagor and mortgagee, that, whatever the mere form of the action as shown by the complaint, the courts will not aid the mortgagor in obtaining a remedy that is inequitable, and will grant him the relief sought to which he may be entitled under strict legal rules only upon the condition that he shall do that which is equitable.

A long line of authorities holds that, where for any reason foreclosure proceedings are void, not only does the mortgage continue alive for the benefit of the mortgagee, or the purchaser at the foreclosure sale, as his assignee, but also, if the person entitled to the benefit of the mortgage peaceably and in good faith, under color of such foreclosure proceedings, enter into possession of the mortgaged premises, he does obtain possession in a lawful manner and is a mortgagee in possession, with all the rights incident thereto, and cannot be dispossessed by the mortgagor without payment of the debt. (See *Townshend* v. *Thompson,* 139 N. Y. 152, [34 N. E. 891]; *Croner* v. *Cowdrey,* 139 N. Y. 471, [36 Am. St. Rep. 716, 34 N. E. 1061]; *Shriver* v. *Shriver,* 86 N. Y. 575; *Cooke* v. *Cooper,* 18 Or. 142, [17 Am. St. Rep. 709, 22 Pac. 945]; *Bryan* v. *Kales,* 162 U. S. 411, [16 Sup. Ct. 802]; *Romig* v. *Gillett,* 187 U. S. 111, [23 Sup. Ct. 40]; *Investment Sec. Co.* v. *Adams,* 37 Wash. 311, [79 Pac. 625]; *Stouffer* v. *Harlan,*

68 Kan. 135, [104 Am. St. Rep. 396, 74 Pac. 610]; *Backus* v. *Burke,* 63 Minn. 272, [65 N. W. 459].)

Under the rule as declared in these cases, it is immaterial whether possession is taken with or without the consent, express or implied, of the mortgagor. In *Backus* v. *Burke,* 63 Minn. 272, [65 N. W. 459], the supreme court of Minnesota repudiated the doctrine enunciated in the earlier case of *Roger* v. *Benton,* 39 Minn. 39, [12 Am. St. Rep. 613, 38 N. W. 765], relied on by plaintiff, to the effect that consent of the mortgagor, express or implied, is essential. In *Bryan* v. *Kales,* 162 U. S. 411, [16 Sup. Ct. 802], the supreme court of the United States declares the rule enunciated above to be the rule prevailing generally in the United States. In *Stouffer* v. *Harlan,* 68 Kan. 135, [104 Am. St. Rep. 396, 74 Pac. 610], is to be found an extended discussion of the question and the decisions thereon. It is there declared that the requirement of the rule that the mortgagee's possession must be obtained by lawful means does not mean that it must be obtained under a formal right capable of enforcement by legal process, but simply that it must not be obtained through any unlawful or wrongful act, upon which the mortgagee would be estopped to found a right. While decisions may be found upholding a contrary doctrine, we are of the opinion that the rule enunciated by the authorities cited is in full accord with equitable principles, and the necessary result of the views of this court as expressed in *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763]; *Booth* v. *Hoskins,* 75 Cal. 276, [17 Pac. 225]; and *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203].

The justice of such a rule is shown by the facts of this case, where the possession peaceably and in good faith acquired under color of foreclosure proceedings has been peaceably and in good faith maintained thereunder for nearly five years, and, the debt being barred, now constitutes the only real security for the debt for which the mortgage was given. The mortgagee ought not to be deprived of the security thus obtained and held without payment of the amount thereby secured, and equitable principles prevent the accomplishment of such a result at the suit of the mortgagor or his successor.

Plaintiff claims that his contention that plaintiff may recover possession without paying the mortgage debt is fully supported by the decision of this court in *Davenport* v. *Turpin,*

43 Cal. 597, and this may be admitted. But we are satisfied that, in so far as that case supports such a contention, it is so opposed to the principles enunciated in the later California cases already cited that it cannot now be accepted as authority. The other California cases cited upon the question as to what constitutes a mortgagee in possession we do not consider in point here.

As we understand the record, the land of plaintiff constituted only a portion of the mortgaged premises, and defendant purchased at the foreclosure sale and entered into possession of all of the mortgaged premises. Under these circumstances, the land of plaintiff is justly liable for only a portion of the original debt. The amount of the debt, and the proportion for which plaintiff's land is justly liable are questions that could have been determined in an action brought by plaintiff against defendant to have these matters determined, and possession awarded him upon paying the amount adjudged. Whether this can now be done in this action, we do not decide.

The judgment is reversed and the cause remanded for such proceedings as are not inconsistent with the views herein expressed. Plaintiff shall not recover his costs of appeal. Defendant shall recover his costs of appeal.

Shaw, J., and Sloss, J., concurred.

A hearing in Bank was denied September 29, 1906, upon which Beatty, C. J., delivered the following dissenting opinion:—

BEATTY, C. J.—I dissent from the order denying a rehearing. By the present decision the case of *Davenport* v. *Turpin,* 45 Cal. 597, is overruled, upon the assumption that it has been heretofore overruled, or set aside, by the decisions in *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763]; *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 213], and other cases. It cannot be contended that *Davenport* v. *Turpin* has ever been expressly overruled or drawn in question, and it has not been set aside by implication from the other decisions cited from our own reports for the reason that all those cases are clearly distinguishable on the facts. In those

cases the mortgagees went into possession lawfully under the mortgagor while he was entitled to transfer the possession. In this case the defendant took possession of plaintiff's lot unlawfully after his mortgagor had transferred his right of possession to the plaintiff. He was not in any just sense a mortgagee in possession. Of the decisions cited from other jurisdictions it may be said that with the single exception of *Townshend* v. *Thompson*, 139 N. Y. 152, [34 N. E. 891], they may all be distinguished by the fact that the mortgagee was rightfully in possession by consent of the mortgagor while he retained the title, or where the mortgagee had gone into possession under defective foreclosure proceedings, and where the controversy was wholly between mortgagor and mortgagee. Of course, in such cases the equity of the mortgagee against his mortgagor is more substantial than it is against a grantee of the mortgagor, whose right of possession by virtue of his grant has been violated by the unlawful entry of the mortgagee.

The decision in the New York case does support the present decision, but it cannot be held to justify a reversal of one of our own decisions which has stood so long as a rule of property.