Filed 5/31/23  Ha v. Bank of New York Mellon CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MINHTAM C. HA,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>BANK OF NEW YORK MELLON,<br><br>　　　Defendant and Respondent. | H050054<br>(Santa Clara County<br>Super. Ct. No. 16CV299330) |

## I.  INTRODUCTION

Plaintiff Minhtam C. Ha and her husband sold their residence to Dzung Pham.  Pham obtained an $840,000 loan from a lender in order to complete the purchase.  The loan was secured by a deed of trust on the property.  Pham later sold the property back to plaintiff and her husband.  Although Pham promised to plaintiff and her husband that he would " 'clear[ the] property of any/all liens,' " he did not, and he also apparently defaulted on the loan.  (Italics omitted.)  A notice of default and election to sell under the deed of trust was recorded.  Defendant Bank of New York Mellon bought the property at a trustee's sale for $949,450, when the amount of the unpaid debt at that point was more than $1.3 million.  Defendant thereafter sought to evict plaintiff and her family from the property.

In a subsequent quiet title action against defendant, plaintiff and her husband sought a judgment establishing that they were the owners of the property and entitled to remain in possession.  The couple alleged that the original lender and others committed fraud in

connection with the loan to Pham. Defendant demurred to the operative fourth amended complaint, and the trial court sustained the demurrer without leave to amend on the ground that the couple failed to allege that they had tendered the outstanding debt. On appeal, plaintiff[1] contends that the trial court erred in sustaining defendant's demurrer because she sufficiently alleged facts showing that the tender rule was inapplicable or that an exception applied.

For reasons that we will explain, we will affirm the judgment.

## II. FACTUAL BACKGROUND

Since we must assume the truth of properly pleaded factual allegations in reviewing an order sustaining a demurrer, our summary of the facts is drawn from the allegations of the operative fourth amended complaint, attached exhibits, and matters that have been judicially noticed. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 (*Committee for Green Foothills*); *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300 (*Lungren*); *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627 (*Dodd*).) "Further, because the demurrer at issue is to an amended complaint, we may properly consider allegations asserted in the prior complaints: ' "[A] plaintiff may not discard factual allegations of a prior complaint, or avoid them by contradictory averments, in a superseding, amended pleading." [Citation.]' [Citation.]" (*People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957 (*Gallegos*).)

Plaintiff and her husband, Tam Huu Nguyen, owned a residence in San Jose. Pham, who is the godfather of plaintiff's youngest daughter, expressed interest in buying the residence.

In connection with the purchase, Pham obtained an $840,000 loan from Mylor Financial Group, Inc. (Mylor). The loan, documented in a promissory note, was secured by

---

[1] Plaintiff's husband is not a party to this appeal.

a deed of trust on the San Jose property. The deed of trust was recorded on January 3, 2006. The deed of trust included a power of sale if Pham defaulted on the loan.

Pham's mortgage broker allegedly made misrepresentations to Pham about the loan, including regarding the interest rate. In addition, although Pham had authorized another person to sign the closing documents, such as the deed of trust, on Pham's behalf, Pham's signature was allegedly forged on certain documents, Pham and the other person were allegedly unaware that there was false information in some of the documents, and the documents allegedly contained material changes to the terms and conditions of Pham's financing of the property. In particular, "the underlying loan application, the documents supporting said loan application, the terms of the loan, promissory note, and resulting [d]eed of [t]rust . . . were all [allegedly] obtained fraudulently by the initial lender [Mylor], through forged P[ham]'s signatures, third parties' unauthorized signatures, and fabricated data, in violation of [state and federal law] . . . consequently rendering the [deed of trust] void ab initio."

In or about 2009, when Pham was contemplating leaving the United States for several years, he offered to sell back the property to plaintiff and her husband. The purchase agreement stated that Pham, the seller, was " 'responsible for freeing/clearing property of any/all liens.' " (Italics omitted.) Plaintiff and her husband paid the agreed-upon purchase price of $505,000 and otherwise fulfilled their duties under the purchase agreement. In October 2009, Pham executed a grant deed transferring the property to plaintiff and her husband.

Plaintiff and her husband subsequently discovered that a lien existed on the property. Pham indicated the lien was "nonexistent due to fraud" and that he would immediately clear the lien. However, he was "unable to clear the lien."

Pham apparently defaulted on the loan that he obtained when he originally purchased the property. On March 17, 2010, a substitution of trustee and assignment of the deed of trust to defendant bank was recorded in relation to the property. On December 22, 2015, a

3

notice of default and election to sell under the deed of trust was recorded by the trustee. A notice of trustee's sale was recorded on November 16, 2017. A trustee's deed upon sale was recorded on March 6, 2018, reflecting that defendant bank bought the property for $949,450 at a public auction on March 2, 2018, and that the amount of the unpaid debt at that point was $1,352,665.93. Plaintiff alleged that defendant bank used this sale as the basis for "wrongfully evict[ing]" plaintiff and her family.

### III. PROCEDURAL BACKGROUND

#### A. *The Civil Action and Prior Pleadings*

Plaintiff filed a civil action in August 2016. As the instant appeal arises from the sustaining of defendant's demurrer to the fourth amended complaint, we describe the prior pleadings and demurrer rulings to the extent relevant to the instant appeal.

#### 1. Second Amended Complaint

In May 2019, plaintiff filed a second amended complaint against (1) Pham, (2) defendant Bank of New York Mellon, (3) Bank of America, N.A., (4) Bayview Loan Servicing, LLC (Bayview Loan Servicing), and (5) a law office. The causes of action against defendant Bank of New York Mellon were for fraud, wrongful foreclosure, declaratory relief, wrongful eviction, and cancellation of instruments/vacation of trustee's sale/quiet title.

Defendant demurred to the pleading. In sustaining the demurrer in part, the trial court ruled that, because plaintiff was not the borrower, she lacked standing to claim the loan was void or to otherwise attack the validity of the loan or the lien, or to attack the trustees' sale or the foreclosure process. Based on this ruling, the court sustained the demurrer to the causes of action for fraud, wrongful foreclosure, and declaratory relief

4

without leave to amend. The court also sustained a demurrer to the pleading on the ground of misjoinder, based on plaintiff's failure to join her husband as a necessary party.

Bank of America demurred regarding the single cause of action alleged against it (cancellation of instruments/vacation of trustee's sale/quiet title). The trial court sustained the demurrer without leave to amend.

## 2. Third Amended Complaint

In May 2020, plaintiff and her husband filed a third amended complaint. In the pleading, plaintiff and her husband alleged (1) a breach of contract cause of action against Pham and (2) causes of action for wrongful eviction and quiet title against defendant Bank of New York Mellon.

Regarding the quiet title claim against defendant bank, plaintiff alleged that "according to P[ham], notwithstanding the illegalities present in P[ham]'s purported loan documents," defendant bank and other entities "ignored" Pham's "numerous notices of fraud and forgeries sent to them over the years and have obstinately refused to produce the loan documents authentically signed by [him], and have refused to address or resolve [his] dispute and denial of the invalid debt alleged to be his." Plaintiff alleged that she and her husband had title to the property based on the October 2009 grant deed in which Pham transferred the property to them. She acknowledged that defendant bank's claim to the property was based on the trustee's deed upon sale, which was recorded in early March 2018, and which reflected the sale of the property on March 2, 2018.

Plaintiff alleged the following facts as the basis for her contention that defendant bank did not have title to the property: First, a document entitled " 'Lender Placed Hazard Insurance Partial Cancellation Notice' " reflected that insurance that Bank of America had obtained for the property was cancelled effective June 28, 2013, because the loan had been paid in full. (Some capitalization omitted.) On that basis, plaintiff alleged that as of July 2013, the property "was no longer collateral for the alleged loan owned by the alleged

5

lender Bank of America, N.A.  This means that at least as of July 2013 there should not be any liens encumbering [plaintiff and her husband's] title to the" property.

Second, by late December 2013, the trustee in plaintiff's bankruptcy case determined that plaintiff no longer owed $998,713 to Bank of America Home Loans and no longer owed $99,596 to Bank of America, N.A.  On that basis, plaintiff alleged that "at least in 2014 [plaintiff and her husband's] title to the Subject Property was not encumbered by any secured debt."

Third, plaintiff alleged that the auction sale on March 2, 2018, was only as to the lien on the property and not the property itself.  On that basis, plaintiff alleged that defendant bank "effectively acquired . . . only a lien on the Subject Property (should such a lien ever exist)," "not the transfer of title to the Subject Property itself."  (Italics omitted.)  Plaintiff alleged that "fee simple title to the Subject Property totally remains in [plaintiff and her husband's] possession."

Fourth, plaintiff alleged that Bayview Loan Servicing filed an IRS form in January 2017, reporting that it was the lender and that it had acquired the property on April 26, 2016.  Plaintiff further alleged that in January 2019, Bayview Loan Servicing filed an IRS form reporting that it was the lender and that it had acquired the property on March 2, 2018.  On that basis, plaintiff alleged that the trustee's deed upon sale, which was recorded in March 2018, was "inaccurate" since it indicated that the grantee was defendant bank, not Bayview Loan Servicing.

Fifth, plaintiff alleged that in May 2019, defendant bank filed a civil action against North American Title Insurance Company for breach of contract.  On that basis, plaintiff alleged the bank "tacitly recognizes that the title which it claims to possess is actually not perfect, or even non-existent."

Plaintiff further alleged that defendant bank, Bayview Loan Servicing, and Bank of America engaged "in apparently concerted efforts [to] cover up the fact that the underlying loan application, the documents supporting said loan application, the terms of the loan,

6

promissory note, and resulting [d]eed of [t]rust . . . were all obtained fraudulently by the initial lender [Mylor], through forged P[ham]'s signatures, third parties' unauthorized signatures, and fabricated data" in violation of state and federal law, which rendered the deed of trust "void ab initio." Plaintiff sought, among other remedies, a judgment that she and her husband were the "fee simple absolute owners of the Subject Property" and "entitled to remain in possession."

Defendant bank demurred. The trial court sustained the demurrer to the wrongful eviction claim without leave to amend. Regarding the demurrer to the cause of action for quiet title, the trial court determined that tender was an element of the cause of action and that plaintiff failed to sufficiently allege tender. The court rejected plaintiff's contention that the tender rule did not apply because she did not have a loan with the bank. The court also found that it would not be inequitable to require tender based on the allegations in the pleading. The court explained, "The documents attached to the [second amended complaint] and referenced by the [third amended complaint] reflect that Pham obtained an $840,000 loan from [Mylor] . . . to purchase the property from Tam H. Nguyen, in the amount of $1,050,000. [Citation.] If the deed of trust and related loan agreement were void or voidable due to the forged signature of Pham, then either Pham did not have an interest in the subject property, or Pham would only have an interest through the tender of the amount received by the lender Mylor. As Plaintiffs' interest is dependent on Pham's interest, it is not inequitable to require tender of the amount when Plaintiffs' agreement with Pham acknowledged the possibility of liens and required Pham to remove those liens, and since Plaintiffs seek a judgment specifying that Plaintiffs have fee simple absolute title to the subject property and that [defendant bank] and its assigns have no legal title to the Subject Property or any legal interest in the subject property that is adverse to Plaintiffs." (Footnote omitted.) The court noted that if Tam H. Nguyen, who sold the property to Pham, was one

7

of the plaintiffs in the instant action, then "this would also support the requirement of tender." The court granted plaintiffs leave to amend.

## B. *The Fourth Amended Complaint*

On November 25, 2020, plaintiff and her husband filed a fourth amended complaint for (1) breach of contract against Pham and (2) quiet title against defendant bank. The quiet title claim against defendant bank did not contain any significant changes from the prior pleading.

## C. *Defendant's Demurrer*

Defendant bank demurred to the fourth amended complaint, contending that plaintiff and her husband failed to allege facts showing that they tendered the balance owed on the loan. As the fourth amended complaint did not contain any new allegations addressing the issue of tender, defendant argued that the complaint should be dismissed with prejudice. In support of the demurrer, defendant requested judicial notice of: (1) the deed of trust recorded on January 3, 2006, which secured the original $840,000 loan to Pham; (2) the substitution of trustee and assignment of deed of trust recorded on March 17, 2010; (3) the notice of default and election to sell under the deed of trust recorded on December 22, 2015; (4) the notice of trustee's sale recorded on November 16, 2017; and (5) the trustee's deed upon sale recorded on March 6, 2018.

## D. *Opposition to Demurrer*

Plaintiff and her husband opposed the demurrer, contending that they had sufficiently pleaded a quiet title claim by alleging their title interest, an adverse claim, and prayer for determination of title. They argued that the tender rule was inapplicable and/or an exception applied because (1) they had no loan with defendant, (2) the holder of the deed was not authorized to foreclose, (3) their civil action attacked the validity of the underlying debt, and/or (4) it would be inequitable to require tender.

8

**E.** *Reply in Support of Demurrer*

In reply, defendant reiterated that the fourth amended complaint did not remedy the defect in the prior pleading regarding the issue of tender. Defendant also argued that the tender rule still applied to plaintiff and her husband even though they did not have a loan with defendant; that plaintiff and her husband, as "strangers to the loan," did not have standing to claim the loan was void or otherwise challenge the loan; and that equity favored imposing the tender requirement on plaintiff and her husband.

**F.** *Trial Court's Order Regarding Demurrer*

The record reflects that no party contested the trial court's written tentative ruling, and it became the ruling of the court. According to the court's ruling, the court granted defendant's request for judicial notice "as to the existence and facial contents of the documents recorded with the Santa Clara County Recorder, but not as to the disputed or disputable facts stated therein." The court determined that plaintiff and her husband had not cured the previously identified defect concerning tender in the fourth amended complaint and that they continued to make the same arguments that the court had previously rejected. As it was "apparent" that they could not state facts sufficient to constitute a cause of action for quiet title, the court sustained the demurrer without leave to amend.

A judgment of dismissal was subsequently entered in favor of defendant and against plaintiff and her husband. Plaintiff filed a notice of appeal from the judgment.[2]

## IV. DISCUSSION

Plaintiff contends that the trial court erred in sustaining defendant's demurrer because she sufficiently alleged a quiet title claim, as well as facts showing that the tender

---

[2] Plaintiff's notice of appeal indicates that she has appealed only from the April 21, 2022 judgment pertaining to defendant Bank of New York Mellon. Her opening brief on appeal similarly limits her arguments to the demurrer sustaining the cause of action against that defendant only. The respondent's brief in this court indicates that it is being filed on behalf of Bank of New York Mellon *and* Bank of America although Bank of America is not a party to this appeal.

9

rule was inapplicable or that an exception applied.[3]  Defendant contends that its demurrer was properly sustained based on plaintiff's failure to allege tender of payment of the secured debt.

## A. *Standard of Review*

On appeal, "the plaintiff bears the burden of demonstrating that the trial court erred" in sustaining the demurrer.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)  In reviewing "an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action.' " (*Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 42.)  We assume the truth of all facts properly pleaded by the plaintiff.  (*Lungren*, *supra*, 14 Cal.4th at p. 300.)  "We also accept as true all facts that may be implied or inferred from those expressly alleged.  [Citations.]" (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 633, fn. 3.)  We " 'give the complaint a reasonable interpretation by reading it as a whole and all its parts in their context. [Citations.]  We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Lungren*, *supra*, at pp. 300-301.)

If the facts appearing in exhibits attached to the complaint contradict the allegations in the pleading, the facts in the exhibits will be given precedence.  (*Dodd*, *supra*, 222 Cal.App.3d at p. 1627.)  "We may also consider matters that have been judicially noticed. [Citations.]" (*Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 42.)  "Further, because the demurrer at issue is to an amended complaint, we may properly consider allegations asserted in the prior complaints:  ' "[A] plaintiff may not discard factual allegations of a prior complaint, or avoid them by contradictory averments, in a superseding, amended

---

[3] We observe that in her opening brief on appeal, plaintiff cites several unpublished Court of Appeal opinions.  Except in circumstances not relevant here, "an opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by . . . a party in any other action." (Cal. Rules of Court, rule 8.1115(a).)  Plaintiff is admonished not to cite unpublished California appellate court opinions except as specifically permitted by the California Rules of Court.  (See *id.*, rule 8.1115(b).)

10

pleading." [Citation.]' [Citation.]" (*Gallegos*, *supra*, 158 Cal.App.4th at p. 957; see *Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 345.)

If the trial court did not grant leave to amend, we review that ruling for abuse of discretion. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Ibid*.)

**B.** *General Principles Regarding Alleging Tender in the Complaint*

A plaintiff filing a complaint for quiet title must allege, among other matters, a description of the property, the basis for the plaintiff's claim of title, and the adverse claims to the title. (Code Civ. Proc., § 761.020.) Full tender of arrearages must also be alleged. (See *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526-527; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117.) "A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based. [Citations.] The cloud on title remains until the debt is paid. [Citation.]" (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86.)

**C.** *Analysis*

In this case, the trial court concluded that plaintiff failed to allege tender in the fourth amended complaint despite being given the opportunity to do so and sustained the demurrer without leave to amend. On appeal, we understand plaintiff to contend that the court erred for several reasons.

First, plaintiff observes that judicial notice on demurrer is appropriate only when there is no factual dispute regarding the matters to be judicially noticed. To the extent plaintiff is suggesting that the trial court should not have taken judicial notice of certain facts or documents, plaintiff does not identify which facts or documents were improperly judicially noticed or otherwise persuasively address the issue in her opening brief on appeal. (See *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924, fn. 1 [trial court properly took judicial notice of a "recorded deed of trust, assignment of the deed of trust,

11

substitution of trustee, notices of default and of trustee's sale, and trustee's deed upon sale"].)

Second, plaintiff contends "[t]he tender rule does not apply . . . as [she and her husband] . . . had no loan." Plaintiff does not cite any authority to support this contention.

Further, as the trial court observed, the requirement of tender has been applied to a person who was not a party to the original loan. In *Burns v. Hiatt* (1906) 149 Cal. 617 (*Burns* ), the original owner of the property borrowed money from the defendant and, in return, gave the defendant a note "and also, as security for the payment thereof, a mortgage on said premises." (*Id.* at p. 619.) Later, the original property owner sold the property to the plaintiff and provided the plaintiff with "a grant, bargain, and sale deed of the property." (*Ibid.*) The original property owner did not repay the note, so the defendant initiated a foreclosure action against him without making the plaintiff a party to the action. (*Ibid.*) After a judgment was entered for the sale of the property, the defendant purchased the property. (*Ibid.*)

The plaintiff proceeded to bring a quiet title action against the defendant based on the contention that plaintiff was the owner and entitled to possession of the property. (*Burns*, *supra*, 149 Cal. at p. 618.) The California Supreme Court determined that because the plaintiff was not a party to the foreclosure action, his title to the property was not affected by it. (*Burns*, *supra*, 149 Cal. at p. 620.)

Relevant here, the California Supreme Court further explained regarding the plaintiff: "It does not, however, follow from this that he is entitled to a decree quieting his title against the [defendant] mortgagee. *He took the property under his deed from the mortgagor [(the original property owner)], subject to the lien of the mortgage, and as to such lien, [the plaintiff] thenceforth stood in the place of the mortgagor.* The proceeding to enforce such lien, although ineffectual against plaintiff by reason of the fact that he was not made a party, did not operate to divest the lien. His rights were in no way affected by the proceeding and he acquired no additional right thereby. He simply continued to be the owner of the

12

property, subject to the lien which had not been enforced, his situation in this regard being precisely the same as it would have been had no attempt to foreclose been made. The mortgage was not extinguished by the ineffectual attempt to enforce it. *It is clear that where, for any reason, foreclosure proceedings are void, the legal title continues subject to the lien of the unpaid mortgage*, and it appears to be well-settled that a purchaser of the property at a foreclosure sale in such void proceedings thereby becomes an assignee of such mortgage, and the debt thereby secured, of which the mortgage is an incident, with all the rights of the original mortgagee. [Citations.]" (*Burns*, *supra*, 149 Cal. at pp. 620-621, italics added.)

The California Supreme Court further explained, "The only way for a party in [plaintiff's] position to quiet a mortgage is to pay it. . . . [*The plaintiff*] *can have no remedy in the premises without paying or tendering the amount due* [*the defendant*] *on his mortgages*.' . . . 'Whenever a mortgagor seeks a remedy against his mortgagee which appears to the court to be inequitable, whether it be to cancel the mortgage as a cloud upon his title, or to enjoin a sale under the power given by him in the security, or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the conditions that he shall do that which is consonant with equity.' . . . As long as the obligation to pay the debt exists, it is not equitable that the mortgagor should have relief against the mortgage given to secure the same, and such relief can be given only on condition that he discharges the obligation. [¶] From what has been said, it is clear that plaintiff cannot complain of the judgment. *He was not entitled to a judgment decreeing him to be the owner of the property free and clear of the alleged mortgage*." (*Burns*, *supra*, 149 Cal. at pp. 621-622, italics added.)

In the present case, plaintiff fails to provide any legal authority establishing that when she and her husband repurchased the property from Pham, the preexisting debt owed to the lender and secured by the property was somehow extinguished. To the contrary, as

13

indicated in the fourth amended complaint, the lien that Pham "was unable to clear" continued to exist on the property.

Third, plaintiff contends that the tender rule does not apply in this case because the trustee's deed upon sale was void on its face, citing *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868 (where substitution of trustee was recorded, later sale by prior trustee was void). In making this argument, plaintiff refers to the following allegations: (1) the cancellation of insurance obtained by Bank of America after a loan was paid in full, (2) plaintiff no longer owed money to Bank of America by late 2013, (3) defendant acquired only a lien on the property at the trustee's sale, (4) Bayview Loan Servicing acquired the property in April 2016, and again on March 2, 2018, and (5) defendant filed a civil action against North American Title Insurance Company for breach of contract. Plaintiff does not persuasively articulate how these alleged facts render the trustee's deed upon sale void on its face. For example, regarding plaintiff's allegation that defendant acquired only a lien on the property at the trustee's sale on March 2, 2018, and that a transfer of title to the property did not occur, it is well established that " '[t]he purchaser at a foreclosure sale takes title by a trustee's deed' " (*Biancalana v. T.D. Service Co*. (2013) 56 Cal.4th 807, 814; see *id.* at p. 813 [describing "nonjudicial foreclosure sales pursuant to a power of sale contained in a deed of trust"]) and "[d]elivery of the trustee's deed . . . is a ministerial act after the sale has been completed by accepting the highest bid" (*Matson v. S.B.S. Trust Deed Network* (2020) 46 Cal.App.5th 33, 41). Further, as defendant observes, plaintiff's allegations in the fourth amended complaint regarding other documents are consistent with "the transfer of the loan from Mylor, to Bank of America, to [defendant]."

Fourth, we understand plaintiff to contend that tender is not required when the action attacks the validity of the underlying debt, such as here, "where Pham was the borrower and the loan documents contained forgeries and material fraud."

However, the trial court previously ruled in connection with defendant's demurrer to the second amended complaint that, because plaintiff was not the borrower, she lacked

standing to claim that the loan was void or to otherwise attack the validity of the loan or the lien, or to attack the trustees' sale or the foreclosure process. For example, plaintiff did not allege any facts showing an assignment of the loan to her or an assumption of the loan by her. Here, plaintiff does not challenge that ruling, nor does she otherwise establish her standing to attack the underlying debt, that is, Pham's original loan.

Fifth, we understand plaintiff to contend that tender may not be required where it would be inequitable to do so.

Plaintiff, however, failed to allege sufficient facts showing that it would be inequitable to require tender in this case. As the trial court explained, the allegations and documents "reflect that Pham obtained an $840,000 loan from [Mylor] . . . to purchase the property from Tam H. Nguyen, in the amount of $1,050,000. [Citation.] If the deed of trust and related loan agreement were void or voidable due to the forged signature of Pham, then either Pham did not have an interest in the subject property, or Pham would only have an interest through the tender of the amount received by the lender Mylor. As Plaintiffs' interest is dependent on Pham's interest, it is not inequitable to require tender of the amount when Plaintiffs' agreement with Pham acknowledged the possibility of liens and required Pham to remove those liens, and since Plaintiffs seek a judgment specifying that Plaintiffs have fee simple absolute title to the subject property and that [defendant] and its assigns have no legal title to the Subject Property or any legal interest in the subject property that is adverse to Plaintiffs." The trial court noted that if Tam H. Nguyen, who sold the property to Pham, was one of the plaintiffs in the instant action, then "this would also support the requirement of tender." Indeed, plaintiff admitted in the second amended complaint that she and her husband, Tam Huu Nguyen, sold the property to Pham and that the couple later bought the property back from Pham. Under these alleged circumstances, plaintiff fails to show that it would be inequitable to require tender.

Finally, we find no abuse of discretion in the trial court's denial of leave to amend as plaintiff fails to identify any new facts that could be alleged to cure the defect concerning

tender in the fourth amended complaint.  Accordingly, we determine that the trial court did not err in sustaining defendant's demurrer without leave to amend.

## V.  DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*Ha v. Bank of New York Mellon*
**H050054**