[No. 5987.]

## SANTIAGO DE LA GUERRA v. H. M. NEWHALL AND J. M. SOTO.

CONTINUOUS TRESPASS.—Where a trespass is continuous, as in the trespass of cattle upon land day after day, the party injured is not authorized to divide it up into several causes of action, either with respect to the means by which the trespass was committed or the time of its commission, so as to maintain separate actions or proceedings for each cause of action.

THE TRESPASS ACT CONSTRUED.—The eighth section of the Act of February 4th, 1874, "to protect agriculture, and to prevent the trespassing of animals upon private property in certain counties," does not contemplate a recovery of a part of the damages for the trespass by proceeding under the

Act, and another part of the damages for a portion of the same trespass by means of an action at law.

APPEAL from the District Court of the First Judicial District, Ventura County.

The action was brought to recover damages alleged to have been caused to the plaintiff's lands by the trespass of cattle belonging to the defendants and under their control. It appeared at the trial that at one time the plaintiff took up fifty-five head of defendants' cattle, and confined them in his corral until, in compliance with a demand in writing, he was paid the twenty cents per head and other damages allowed by the Trespass Law. The payment was receipted in the following language:

"$66.                    TAPO RANCHO, May 23rd, 1877.

"Received from Newhall & Soto the sum of sixty-six dollars, amount of damages claimed by me for alleged injuries which their cattle have caused me. That is to say, for fifty-five head of cattle of said Newhall & Soto, which I have shut up, on the 22nd day of May, at six o'clock in the afternoon; in which sum is included the twenty cents which the law ordains for keeping said animals per day. Said damages alleged to be done in the Rancho Papo, in the County of Ventura, State of California.                    SANTA DE LA GUERRA."

The plaintiff subsequently—a few days later—took up four hundred head of defendants' cattle, and made another demand, which was not complied with, and after keeping the animals confined for some days, he released them, and afterwards brought this action.

Judgment was rendered for the plaintiff, as stated in the opinion, and the defendants, having failed of obtaining a new trial, appealed.

*S. M. Wilson,* for Appellants.

The remedies given by the Act of Feb. 4th, 1874, are two-fold: 1. The remedy by secs. 1 to 4, inclusive, in which the owner or occupant of the land takes up the cattle and keeps

them at the rate of twenty cents per day a head, to be followed up by the proceedings in sec. 2 and following.  2. By an action under sec. 8, which must be brought within sixty days after the trespass, and in which actual damages alone are recoverable; and this action can only be resorted to in case the injured party shall "fail to avail himself" of the first remedy provided. These remedies, therefore, are not cumulative.  One only can be availed of.  The resort to the special remedy first provided in that statute is a bar to an action under sec. 8.

The amended complaint avers that the plaintiff did not avail himself of that first remedy.  The answer took issue on this, and specially plead that provision.  The proof showed very clearly that the plaintiff did avail himself of that remedy. The special verdict of the jury was conclusive on the subject.

But though the plaintiff pursued the first remedy provided for, and obtained satisfaction, so far as he made his demand, it is sought to maintain this action upon the ground that the plaintiff seeks damages for the injuries inflicted by the cattle that were not taken up and held.  By dividing up the cattle into parcels, the plaintiff seeks to maintain one remedy as to part of the cattle, and another remedy as to another part.  We do not think this can be done.  The cause of action in the amended complaint, speaking in the language of the common law, was trespass, but trespass laid with a *continuando*.  This makes one single cause of action, and is recoverable in one count of a complaint.  This mode of declaring is fully described by Mr. Gould, in his work on Pleadings, as follows: " Sec 86. 2. In trespass, also, when the plaintiff sues for different wrongs of the same nature, committed by continuation or repetition, on several different days, he may recover for all of them, on one count, by including in it as many days, or as long a period of time, as his case may require.  But in the application of this rule, there is a difference to be observed in the mode of declaring, between the case of a trespass continued or renewed on several different days, and that of distinct trespasses repeated on different days; or in other words, between continued trespasses of a permanent nature, and repeated trespasses which are not permanent.  Sec. 87. When trespasses of one and the

same kind, committed on several days, are in their nature capable of renewal or continuation, and are renewed or continued from day to day, so that the particular injury, done on each particular day, cannot be distinguished from what was done on another day, the trespasses are denominated permanent. Of this description are trespasses committed by the cattle, by trampling down, consuming or destroying, from day to day, the grass, crops, or herbage, of any kind, growing upon land." The same views are laid down as applying to the Code, and maintained by the authorities under the Code. (See 2 Wait's Pr., 353 *et seq.,* and cases cited.) This kind of trespass being then a single cause of action, and treated as such by the complaint in this case, cannot be split up into different causes of action. In such case, if a suit is brought for part of the cause of action, the pendency of that action may be pleaded in abatement to a second action on part of the same cause, and if judgment has been rendered in the first, it is a bar to the second. This rule applies as well to cases of tort as to contract. (See 2 Wait's Pr., 355 *et seq.,* and cases there cited.) The New York cases are especially clear upon this subject.

Now in the case at bar, the taking up and corralling of a part of the cattle committing the injury was the equivalent of bringing an action. It was resorting to one of the alternative remedies. The plaintiff himself testified that the cattle taken up, and upon which he received damages, were part of the cattle doing the injury. Could the jury undertake to decide how much was eaten and destroyed by these cattle, and how much by the remainder? As Mr. Gould says, " the particular injury done on each particular day cannot be distinguished from what was done on another day "; so here it is manifest that the proportion of the injury committed by the hundred or so of cattle taken up, and whose injury was compensated, cannot be distinguished from what was committed by the other cattle. If the remedy can be pursued twice, it may be ten or any number of times, and no one will pretend that ten different suits could be maintained. The plaintiff expressly testifies " at the time I had the cattle mentioned in this receipt corralled, there were one thousand head on my land besides belonging to the defendants."

So, again, he testifies as to cattle taken up in May, " these were part of the cattle that inflicted the damages I complain of in this action."

The ingenious views expressed by the learned Judge in the Court below do not meet the fixed principles relied on here. They would apply just as fully to any other case of splitting up a cause of action. The Court cannot say in its instructions to the jury in such cases that they should exclude from their deliberations the amount of satisfaction that the plaintiff has recovered in a previous suit for a part of the one tort or contract. When the Court told the jury that they were to render a verdict for the injuries done by the cattle other than those corralled, he simply proposed a legal impossibility. He violated those long established principles which prohibited the splitting up of a cause of action into parts, and bringing a suit upon each part.

This defense was fully pleaded and fully proven, and it constituted a perfect bar to this action.

*Charles Fernald,* also for Appellants.

*J. M. Seawell,* for Respondent, relied upon the opinion of the Court below, which on this point was as follows: " The act which gives the right of action in this case, if any there is, provides (sec. 8) that an action for damages for trespass can be maintained only when the plaintiff has not availed himself of the summary remedy against the cattle. The evidence tended to show that a large number of defendants' [cattle] trespassed on plaintiff's lands, namely, from four hundred to twelve hundred head; and it did show that upon two certain occasions during the period of time laid in the complaint, plaintiff impounded small bands of the defendants' cattle, some fifty or sixty head upon each occasion. Upon one occasion defendants paid the damages claimed, and took the cattle; upon the other the defendants did not take the cattle or pay the damages, and plaintiff, after a short interval, released them. Upon these facts defendants claimed that plaintiff's right of action as to all the cattle of defendants was gone. This claim certainly could not be allowed as to such of the cattle as may have trespassed sub-

sequently to the impounding. And I am of the opinion, also, that it could not be allowed as to any cattle not actually impounded. Where, as in this case, a large number of cattle are scattered over a tract of land miles in extent, it cannot be that a party is obliged to impound all or none: while it is clear that if he proceeds against the cattle, he cannot also proceed against the owner, as to the same cattle. I do not see upon what principle he can be restrained from proceeding against him, as to others. The latter may not have been in the same bands, or in the same neighborhood. Their trespass may have been unknown to the injured party at the time. They may have trespassed upon, injured, and left the premises, in which event it would be felony to impound them. Can it be that because the injured party has impounded a few, he is debarred from proceeding against the owner, as to other predatory bands, whether they remain upon the premises or not?"

*Hines & Brooks* and *W. T. Williams*, also for Respondents.

By the COURT:

The eighth section of the Act of February 4, 1874, to protect agriculture and to prevent the trespassing of animals upon private property in certain counties, (stats. 1873–4, p. 50) provides that "the owner or occupant of any land or possessory claim, whether enclosed or not, independent of the foregoing provisions of this Act, and if he fail to avail himself thereof, may maintain an action, *provided* such action be commenced within sixty days," etc. The defendants allege that the plaintiff did avail himself of the provisions of said Act, respecting the alleged trespasses mentioned in the complaint, and took up large numbers of the cattle of the defendants, etc. The following special issues were submitted to the jury: "Did plaintiff avail himself of the provisions of an Act of the Legislature of this State, entitled an Act to protect agriculture, etc., passsd February 4, 1874, at any time between the dates mentioned in the complaint, fifth day of May and fifth day of July, 1877, with respect to the cattle of defendants; and did plaintiff take up

and corral any of defendants' cattle on the lands described in complaint under the provisions of said Act, between said dates ? " And the jury returned thereupon the following verdict: "Answer—Yes." They also returned a general verdict for the plaintiff, and assessed his damages at two thousand two hundred and fifty dollars.

The complaint alleges only one trespass, and there is nothing in the special verdict, nor in the record, from which it can be ascertained that the trespass for which the cattle were taken up by the plaintiff, (and it is not found how many were so taken up) was a distinct trespass; but from the record it is to be presumed that each trespass was a part of the one continuous trespass mentioned in the complaint. The party injured by such trespass is not authorized to divide it up into several causes of action, either with respect to the means by which the trespass was committed, or the time of its commission, so as to maintain separate actions or proceedings for such cause of action. No authorities need be cited in support of this proposition. Nor does the eighth section, or any other provision of the Act under consideration, contemplate a recovery of a part of the damages for the trespass by proceeding under the Act, and another part of the damages for a portion of the same trespass by means of an action at law.

Judgment and order reversed, and cause remanded for a new trial.