[L. A. No. 586.   Department One.—May 23, 1900.]

GEORGE W. HOHENSHELL, Respondent, v. SOUTH RIVERSIDE LAND AND WATER COMPANY, Appellant.

ACTION TO ABATE DAM—RISE OF LAKE—OVERFLOW OF PLAINTIFF'S LAND. The owner of land adjoining a lake, whose right of possession has been protected for many years by a ditch forming an outlet to the lake for the purpose of reclaiming his land, may maintain an action to abate an obstruction of the outlet of the lake by a dam wrongfully erected by the defendant, which has caused the lake to rise and overflow the land of the plaintiff.

ID.—DEED TO PLAINTIFF'S GRANTOR—RESERVATION—RECLAMATION BY DITCH—PRESUMPTIONS AS TO OWNERSHIP.—Where land subject to occasional overflow by the lake at its natural level was subdivided into blocks and lots by the owners thereof and a deed of part thereof was made the following year by them as grantors to plaintiff's grantor, reserving to the grantors, their heirs or assigns, the right to reclaim the land for the benefit of the grantee, his heirs or assigns, in pursuance of which a ditch was constructed in that year by means of which the land was reclaimed by causing the sinking and keeping of the lake below its natural level, it must be presumed, in the absence of evidence

to the contrary, that the land granted was owned by the grantors of plaintiff at the time of the deed, and was not included in any land not owned by them, and that plaintiff's grantor owned the land when the ditch was constructed in the same year.

ID.—EFFECT OF RESERVATION—RECIPROCAL EASEMENTS—NOTICE TO DEFENDANT.—The reservation clause in the deed must be construed as reserving and granting reciprocal easements, viz., an easement to the grantors over the land of the grantee for the purposes of reclamation thereof, and an easement to the grantee and his successors upon the lands of the grantors for the continuance and maintenance of the ditch by which the reclamation was effected; and the record of the deed was notice of these easements to the defendant, who claimed the right to obstruct the lake under a subsequent grant from one of the grantors named in the deed. ·

ID.—THEORY OF COMPLAINT AS TO EFFECT OF RESERVATION—EXECUTORY CONTRACT—HARMONY WITH FINDINGS AND JUDGMENT.—The theory of the complaint as to the construction of the reservation clause in the deed to plaintiff's grantor, if regarding it as being a covenant or an executory contract, is immaterial, where such theory relates only to the legal effect of the material facts alleged as to the terms of the deed, and a correct theory thereof is in harmony with the findings and judgment.

ID.—RIGHTS OF PLAINTIFF—RESTORATION OF DITCH TO FORMER LEVEL.—The plaintiff has the superior right to the precise relief of having the dam of the defendant abated and the ditch restored to and maintained at its former level.

APPEAL from a judgment of the Superior Court of Riverside County.  J. S. Noyes, Judge.

The facts are stated in the opinion.

E. W. Freeman, for Appellant.

The covenant for reclamation was in its nature personal to Nicol, and gave him only a personal license, which ceased with his death.  (*De Haro v. United States*, 5 Wall. 599.)  Rights in gross are not assignable.  (*Fudickar v. East Riverside Irr. Dist.*, 109 Cal. 29, 37; Civ. Code, sec. 1044.)  Plaintiff cannot declare on one theory and recover on another.  (*West v. Negrotto*, 48 La. Ann. 922; *Peay v. Salt Lake City*, 11 Utah, 331; *McCord v. Seale*, 56 Cal. 262; *San Luis Water Co. v. Estrada*, 117 Cal. 168.)  The superior right of plaintiff must be precisely determined by an appropriate finding.  (*Dougherty v. Haggin*, 56 Cal. 522; *Lakeside Ditch Co. v. Crane*, 80 Cal. 181; *Riverside*

*Water Co. v. Sargent*, 112 Cal. 233; *Last Chance Water Ditch Co. v. Heilbron*, 86 Cal. 1.)

Collier & Evans, for Respondent.

Nicol and his grantees had an easement to have the ditch maintained for the relief of the land now owned by plaintiff; and equity will afford relief in such a case, without regard to the legal classification of the equities created by the agreement made in the deed. (*Parker v. Nightingale*, 6 Allen, 344; 83 Am. Dec. 632; *Trustees of Columbia College v. Lynch*, 70 N. Y. 446; 26 Am. Rep. 615; *Norfleet v. Cromwell*, 64 N. C. 1; 70 N. C. 634; 16 Am. Rep. 791; *Kutz v. McCune*, 22 Wis. 628; 99 Am. Dec. 85; *Hair v. Downing*, 96 N. C. 172; *Jewell v. Lee*, 14 Allen, 149; 92 Am. Dec. 744; *Whitney v. Union Ry. Co.*, 11 Gray, 365; 71 Am. Dec. 715; *Lampman v. Milks*, 21 N. Y. 505; 2 Washburn on Realty, 317, 322.)

SMITH, C.—Judgment was rendered in the lower court against the defendant, requiring it to abate (to a depth of two and seven-tenths feet from the top) a dam placed by it in the outlet of Elsinore lake, in Riverside county, whereby plaintiff's land was overflowed; and enjoining it from maintaining in said outlet that or any other obstruction.

The appeal is on the judgment-roll; and the points of error assigned are: 1. That the theory of the complaint is at variance with the case as made by the findings; 2. That the findings are defective in failing to show the extent of the plaintiff's right; and 3. In effect, that the findings negative the alleged right of the plaintiff.

The facts of the controversy, as they appear from the findings, are as follows: The lake referred to in the judgment is situated in a larger tract known as the Laguna ranch, and varies in extent in different years, and at various seasons, according to the rainfall. It is drained to a certain level by a natural outlet, which, in the year 1884, by means of a ditch constructed by the then owners of the lands adjoining and including the lake, was lowered or deepened to a plane two and five-tenths feet below the natural level, and again, in 1890, deepened and extended through the valley by owners of said

lands. And again, in the year 1894, it was deepened by the defendant, for the purpose of conveying water from the lake to South Riverside. Finally, just before the beginning of the suit, the defendant constructed in the outlet of the lake the bulkhead and dam complained of, by which the flow of water from the lake was obstructed and the level of the lake raised "two and seven-tenths feet above the bottom and flow of the ditch as constructed and in use prior to the purchase" of lands in the lake tract by the defendant, which was in July, 1893.

During all this period—that is to say, from the original construction of the ditch to the construction of the dam by the defendant—the ditch was in use and water continued to flow through it and to relieve the lake. The ditch thus "operated to reclaim in part the lands of plaintiff . . . . from overflow by said lake; and . . . . the plaintiff was entitled to the benefit of such reclamation, and entitled to have the same continue."

In the year 1883 the lands adjoining and including the lake —which constituted a distinct subdivision of the Laguna ranch, designated on the map of the rancho and known as "Elsinore" —were owned by Graham, Collier, and Heald, and were subdivided by them into blocks and lots; and maps of the same were filed in the office of the recorder of San Diego county, in which the land was then situated. The plaintiff deraigns title from these owners, under a deed executed by them to one Nicol, February 11, 1884, in which there occurs, following the granting clause, a reservation or provision in the words and figures following:

"Expressly reserving to the grantors herein, their heirs, and assigns, the right to reclaim all or any portion of the land above described, or any or all other lands liable to overflow from the lake at Elsinore; and the right to enter upon the land above described and construct any dike, dam, ditch, or canal that may be necessary, and to do anything there or elsewhere necessary to reclaim any or all such lands from such overflow. The reclamation of the above-described land is to inure to the benefit of the grantee herein, his heirs, and assigns."

The defendant deraigns title from Heald, who was one of the owners of the ranch above mentioned, by whom the ranch was

subdivided, and who was also, at the time the ditch was deepened in 1890, owner of the land afterward acquired by the defendant, and, as such, participated in the making of the ditch.

The facts above stated are, however, disputed by the defendant in two particulars: 1. It is claimed that it is not found that the title of the Elsinore tract was vested in Graham, Collier, and Heald, September 24, 1883; and 2. That, if so, it is not found that it continued thus vested to the date of the deed to Nicol, February 11, 1884.

The last objection is, however, obviously untenable. If the plaintiff's grantors were owners of the land in September, 1883, it is to be presumed—in the absence of anything appearing to the contrary—that they continued to be such to the date of the deed, February 11, 1884; and also to the time the ditch was constructed in the same year. (Code Civ. Proc., sec. 1963, subd. 32; *Kidder v. Stevens*, 60 Cal. 419.)

We may confine our attention, therefore, to the first objection; the point of which is in the finding that the title of the Laguna rancho "was, on the twenty-fourth day of September, 1883, vested in [said owner], except about five hundred acres of said tract lying in one body in the westerly corner of said Laguna rancho"; from which it is claimed that it does not appear from the findings that the excepted tract did not include part of the lands adjoining and including the lake. But were there no other finding on the point, the presumption would be otherwise. For there is a general finding that the plaintiff was entitled to the benefit of the reclamation effected by the ditch, and to have the same continued; and, in view of this finding, the ownership of the lands at the time of the reclamation must be presumed. And this presumption is confirmed, and, in fact, established, by other findings of the court. For it is found that in the years 1883 to 1885 the Laguna ranch was subdivided by its owners; and it appears that one of the subdivisions of the ranch was "Elsinore," or the "Elsinore" tract, consisting of the lands adjoining and including the lake; and that this tract ("being part of the grant of land known as the Laguna rancho") was subdivided by Graham, Collier, and Heald; from which it is to be inferred that the "Elsinore" tract included no part of the five hundred acres that did not belong to them.

The points of error assigned will be considered inversely to the order in which they have been stated.

1. From what has been said it must be assumed that the grantors in the deed to Nicol were, at the date of the deed, owners of the "Elsinore" tract, and that both parties deraign title from them. This being the case, the reservation clause in the deed must be construed as reserving and granting reciprocal easements—namely, to the grantors an easement over the land of the grantee—which would include, not only the right to construct a ditch or other means of reclamation on his land, but also the right to draw the water from his land by a ditch constructed on other lands; and to the grantee, his heirs and assigns, an easement on the lands of the grantors for the continuance and maintenance of the ditch; and of this grant the defendant—who deraigns title from one of the grantors—was, by the record, affected with notice. (Civ. Code, sec. 1213.)

2. The objection that "the findings fail to show . . . . the extent of the alleged superior right asserted by plaintiff" is unfounded. The nature of the right is specifically determined by the facts above stated, and its precise extent, by the relief granted. It is simply to have the ditch restored to and maintained at its former level.

3. The supposed variance between the complaint and the findings, with reference to the construction of the reservation clause in the deed, is immaterial. The complaint alleges, in effect, "that by the terms of the various deeds and agreements, by and under which this plaintiff holds his title, it was agreed by and between this plaintiff and the owners of the said Laguna ranch as owned and held in 1883" that by ditches, etc., "on plaintiff's land or elsewhere" said owners might reclaim the land, and that the reclamation should inure to the benefit of the plaintiff, his heirs and assigns, etc. The first part of these allegations necessarily includes, as one of the "various deeds and agreements," the deed from the owners to the first of plaintiff's predecessors, Nicol, and the effect of the reservation clause is otherwise correctly stated. The point of the objection is that the theory of the complaint is that this clause is a covenant or executory contract. But the allegation of the complaint is that "it was agreed" that the grantors should have the right to

reclaim, and that the reclamation should inure to the benefit of the plaintiff, etc.; and such an agreement constitutes a grant. For a grant is but "a transfer in writing" (Civ. Code, sec. 1052); or, more specifically, an agreement for the present transfer of a right; and such an agreement may be evidenced by any language showing this intent. It is indeed possible—as claimed by defendant—that the pleader regarded the clause as a covenant only, and that in the findings it is otherwise regarded; and that thus there is a variance between the "theory" of the complaint, and "the case as made by the findings." But the theory of a pleading is altogether immaterial, provided the material facts are alleged; and, in the progress of the case, it may and, indeed, ought to be changed as often as a more correct theory may suggest itself.

We therefore recommend that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Harrison, J., Van Dyke, J., McFarland, J.

Hearing in Bank denied.