[Civ. No. 310. First Appellate District.—March 4, 1907.]

## L. C. MARSHUTZ, Respondent, v. EDWARD SELTZOR et al., Defendants; JOHN G. KLUMPKE, Appellant.

QUIETING TITLE—OUTLAWED MORTGAGE BY THIRD PARTY—RULE AS TO PAYMENT INAPPLICABLE—BURDEN OF PROOF—FINDINGS.—The rule that a mortgagor or his successor, with notice of the mortgage, cannot quiet title against the mortgagee, though the debt is outlawed, without first paying the debt, is inapplicable, where the mortgage is by a third party, and the defendant does not sustain the burden resting upon him to allege and prove the connection of plaintiff's title therewith, and where it is alleged and found that plaintiff's title originated from the state subsequently to the mortgage, and was adverse thereto, and it is found that at the time of the commencement of the action plaintiff was the owner and seised in fee of the premises. In such case, the findings justified a decree quieting plaintiff's title against the outlawed mortgage, which is not found or shown to have ever been a lien on plaintiff's title.

ID.—CROSS-COMPLAINT TO FORECLOSE MORTGAGE—ANSWER—PLEA OF STATUTE—FINDINGS.—Where the defendant sought by cross-complaint to foreclose the outlawed mortgage, and the answer thereto pleaded that the action was barred by section 337 of the Code of Civil Procedure, a general finding that the action "was barred by the statutes of California," followed by a finding "that said claim of the defendant Klumpke under the mortgage security so assigned to him is over forty years past due, and has not been prosecuted in any way until the filing of the cross-complaint," sufficiently shows that the action on the note and mortgage was barred by the section pleaded.

ID.—AFFIRMATIVE PROCEEDING TO ENFORCE OUTLAWED DEBT.—A proceeding under a cross-complaint to foreclose a mortgage is an affirmative proceeding to collect the debt secured by the mortgage, and

where the debt is outlawed and the statute is pleaded, no decree of foreclosure should be entered, though the cross-complaint is in an action to quiet title against the mortgagee.

ID.—COMPELLING ADVERSE FINDING—REMOVAL OF CLOUD UPON TITLE.— It seems that by setting up the outlawed mortgage by way of cross-complaint to foreclose it, the appellant having compelled a finding that the mortgage was barred, which resulted in a denial to him of any relief thereon, he has practically caused the removal of any cloud that might exist on plaintiff's title by reason of the existence of the mortgage.

ID.—UNCERTAINTY IN FINDINGS—CONSTRUCTION IN FAVOR OF JUDGMENT.—Any uncertainty in the findings arising from a finding that the mortgagor had an interest which antedated plaintiff's title, suggesting a possible inference that plaintiff's title may have been subordinate thereto, must be so construed, in connection with the other findings, as to uphold the judgment rather than to defeat it.

ID.—CONSTRUCTION AGAINST JUSTICE.—Justice does not demand that uncertainties in findings should be só construed as to give vitality to a claim forty-five years past due, bearing interest at the rate of three per cent per month, and for which the present holder is found to have paid nothing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. · Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

R. Masson Smith, for Respondent.

HALL, J.—Plaintiff brought this action December 6, 1901, against defendants to quiet his title to beach and water lot No. 763, situate in the city and county of San Francisco. The complaint is in the usual form and alleges that plaintiff is the owner and seised in fee of the described premises, and that defendants claim some estate or interest therein. Defendant Klumpke answered, and besides denying the title of plaintiff set up by way of answer and as a defense that on the first day of April, 1854, James C. Cary was the owner of an undivided one-half interest in the said lot, and on said day executed to one Edward F. Seltzor a mortgage of his interest in said lot to secure the payment of his promissory note to said Seltzor

for $2,000, payable eight months after date thereof (April 1, 1854), with interest at three per cent per month. Mortgage was duly recorded April 3, 1854, and no part of the principal and interest has ever been paid. The note and mortgage are alleged to have been assigned to defendant Klumpke by Seltzor for value February 4, 1859, and the assignment duly recorded on same day.

Defendant Klumpke, in a cross-complaint, set up the same matters, and prayed, in the usual form, that his said mortgage be foreclosed.

Plaintiff answered Klumpke's cross-complaint, and, among other things, pleaded that said cause of action was barred by the statute of the state of California, ''and particularly by section 337 of the Code of Civil Procedure, and also by sections 319 and 343 of said Code of Civil Procedure.''

The court, at the conclusion of the trial, made findings, and entered a judgment quieting plaintiff's title as against Klumpke, and denied Klumpke any relief upon his cross-complaint, having found the note and mortgage were barred by the statute of limitations.

Defendant moved for a new trial, which being denied, he appealed from the order as well as from the judgment.

Appellant insists that the court should have directed a foreclosure of his mortgage, and in any event should not have quieted plaintiff's title as against appellant.

First, as to the foreclosure of the mortgage, appellant urges that the plea of the statute is defective, and that the findings thereon are insufficient. In this he is mistaken. The answer to the cross-complaint distinctly alleges that the cause of action is barred by the provisions of section 337 of the Code of Civil Procedure, which is the appropriate section to plead. The court found that the promissory note mentioned in the cross-complaint is and was ''barred by the Statutes of the State of California,'' but did not specify by what section of the code, and counsel now insist that this is not sufficient. But in addition to the general finding the court also found ''that said claim of the defendant Klumpke, under the mortgage security so assigned to him, is over forty years past due, and has not been prosecuted in any way until the time of the filing of said cross-complaint.'' This is such a finding of fact as necessarily shows that the action on the note and mortgage was barred by the section pleaded.

Further, it may be observed that the cross-complaint on its face shows the action herein set forth to be barred, and plaintiff might have raised the point by demurrer. By pleading the bar in his answer to the cross-complaint plaintiff gave notice of his intention to stand upon the bar that was shown to exist upon the face of appellant's pleading, and it is at least doubtful whether or not the court was required in such a case to make a finding of the fact. There was no issue as to the existence of the fact.

Appellant's main contention, however, is that the court should have ordered the mortgage foreclosed, notwithstanding that it was long since barred by the statute. In this connection appellant concedes that he could not have enforced his claim if he had brought the action to foreclose, as plaintiff, but insists that where a plaintiff brings an action to quiet his title against a mortgage, the mortgagee may obtain a decree of foreclosure on an outlawed mortgage. It is true that a mortgagor, or the successor in interest of such mortgagor with notice of the mortgage, cannot obtain a decree quieting his title against the mortgagee, without paying the unpaid but outlawed mortgage debt (*Grant* v. *Burr,* 54 Cal. 298; *De Cazara* v. *Orena,* 80 Cal. 132, [22 Pac. 74]; *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763]; *Boyce* v. *Fisk,* 110 Cal. 107, [42 Pac. 473]; *Hall* v. *Arnott,* 80 Cal. 348, [22 Pac. 200]; *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203]; *Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225]); but it does not follow from this that the defendant mortgagee can, upon a cross-complaint, setting up such outlawed mortgage, obtain affirmative relief. This question was presented in *Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225]. Booth sued Hoskins to quiet his title; and Hoskins answered, and by way of cross-complaint set up a deed from Booth to Hoskins, and claimed title thereunder. Plaintiff answered the cross-complaint, and set up that the deed was intended as a mortgage to secure the payment of $408 loaned to plaintiff, and that the debt thus created was before the commencement of the action barred by the statute of limitations. The trial court entered a decree foreclosing the mortgage, which was on appeal reversed. After deciding that the deed was intended as a mortgage, the court said: "The next question is, Was the defendant's cause of action to recover back his money barred by the statute of limitations? We think it was. . . . The defendant's right to

recover the money due him being barred, he was not entitled to have his mortgage foreclosed.'' The judgment of foreclosure was reversed.

In *Spect* v. *Spect*, 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203], it is said: ''The mortgagee, after the mortgage debt has been barred by the statute of limitations, cannot, by any affirmative proceedings on his part, invoke the aid of the court for the collection of his debt.''

A proceeding under a cross-complaint to foreclose a mortgage is an affirmative proceeding to collect the debt secured by the mortgage.

This disposes of the contention that the court should have entered a decree upon the findings for a foreclosure of the mortgage. No such decree should have been entered. (*Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225].)

It is next urged that on the findings the court should not have rendered a decree quieting plaintiff's title against appellant, but should either have denied plaintiff any relief, or provided in the decree that his title be quieted only on his paying, within some designated time, the amount unpaid on the mortgage. It might be suggested in this connection that, inasmuch as by setting up the mortgage by way of cross-complaint and asking for a foreclosure, appellant compelled a finding that his mortgage was barred, which resulted in a denial to him of any relief thereon, he has practically caused the removal of any cloud that might exist on plaintiff's title by reason of the existence of such mortgage. The finding that the mortgage is barred, and the denial of any affirmative relief thereon, would seem to be an effectual bar to any future action to enforce the mortgage.

However, we do not think that it is true that the findings in this case do not support the judgment as rendered. The law undoubtedly is that a mortgagor or his successor in interest, with notice of the mortgage, cannot quiet his title against the owner of the outstanding mortgage, even though the mortgage be barred, without paying the mortgage debt. All the cases cited to us are of that nature. But the findings in this case do not bring it within this rule. It is not alleged in the answer that plaintiff, or any grantor of plaintiff, made the mortgage set up by Klumpke. The mortgage was made by one Cary, and no attempt is made in the answer to connect the plaintiff with Cary. While it is alleged and found that

Cary owned an interest in the lot in 1854 when he executed the mortgage, it is not alleged that plaintiff's title was acquired from Cary or was derived from him in any way. The findings, on the contrary, show that plaintiff obtained title in 1883, deraigned by mesne conveyances from the land commissioners of the state of California, and that he entered into possession under such title, and for eighteen years past has been in the actual possession of the premises, holding the same adverse to all the world, and has paid all taxes levied and assessed thereon since June, 1883. It is expressly found that at the time of the commencement of the action plaintiff was the owner and seised in fee of the premises. These findings justified a decree quieting the title of plaintiff against an outlawed mortgage, which is not found to have ever been a lien upon the title of plaintiff. If the lien of appellant's mortgage was ever a lien upon plaintiff's title, the burden was upon the defendant to show it. He has not done it.

We have not overlooked the argument of appellant that because it is found that Cary owned an interest in the premises in 1854, which is prior to the date of the deed from the state land commissioners to the grantor of plaintiff, we must infer that plaintiff's title was derived from Cary, or is in some way subordinate to the title of Cary. While this condition suggests some uncertainty as to the facts, any uncertainty in findings must be construed so as to uphold the judgment rather than to defeat it. (*Breeze* v. *Brooks,* 97 Cal. 72, [31 Pac. 742].)

Certain it is that justice does not demand that we construe uncertainties in findings so as to give any sort of vitality to a claim forty-five years past due, and on its face bearing interest at three per cent per month, and for which (as appears by the findings) the present holder paid nothing.

Appellant has not called our attention to any error occurring at the trial, but has confined himself to an attack upon the judgment as not supported by the findings.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 30, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1907.