[Civ. No. 1200.   Third Appellate District.—February 16, 1914.]

## JOHN G. KLUMPKE, Appellant, v. BARCLAY HENLEY, Respondent.

ACTION TO QUIET TITLE—RELIANCE BY PLAINTIFF ON STRENGTH OF OWN TITLE.—In an action to quiet title the plaintiff must rely exclusively on the strength of his own title, not on the weakness of that of his adversary.

ID.—EACH PARTY AS ACTOR—NECESSITY OF CROSS–COMPLAINT.—Each party is an actor in such suit, a cross-complaint being unnecessary, and a decree quieting his title is awarded to the one establishing his case.

TENANCY IN COMMON—PRESUMPTION OF CONTINUANCE.—The *status* of cotenancy, like other conditions, is subject to the presumption that it continues as long as is usual with things of that nature.

ID.—POSSESSION OF COTENANT—PRESUMPTION—HOW OVERCOME—ADVERSE HOLDING.—The possession of one cotenant is presumed to be the possession of all, and this presumption can be overcome only by showing that the hostile intent of one is clearly manifested and is brought home to all. The presumption is not overcome by a showing merely that one tenant has failed to recognize the rights of his cotenant. To accomplish this result the possession of the tenant must be with the intent to hold adversely, and it must appear that such intent has been indicated by acts calculated to exclude the complainants from all participation as tenants in common.

ID.—TAXES—PAYMENT BY COTENANT—STRENGTHENING TITLE.—Since it is the duty of a cotenant to pay the taxes on the common property, he cannot strengthen his title as against his co-owners by permitting the taxes to become delinquent, and afterward redeeming the property.

QUIETING TITLE—ADVERSE CLAIM BY COTENANT—OUSTER.—In this action to quiet title, wherein the plaintiff asserts a title by prescription against his cotenants, the evidence fails to show any ouster, or to establish the essentials of adverse possession, upon which to base a prescriptive title.

ID.—PLEADING—STRIKING ALLEGATIONS FROM COMPLAINT—HARMLESS ERROR.—Error in striking allegations from the complaint in an action to quiet title is not prejudicial, if the case is tried upon the theory that the allegations have not been stricken out and all the evidence that could be admitted thereunder is admitted.

ID.—JUDGMENT DETERMINING TITLE—CONCLUSIVENESS.—A judgment in an action to determine conflicting claims to real estate that one of the parties has an undivided one-third interest in the property estops him and his successors in interest from asserting title to the two-thirds awarded to other parties by reason of anything occurring anterior to the judgment.

ID.—OUTLAWED MORTGAGE—PAYMENT AS CONDITION PRECEDENT TO QUIETING TITLE.—The rule that the plaintiff in an action to quiet title must pay an outlawed mortgage debt as a condition to having his title quieted against it, has no application to a plaintiff who is not the original mortgagor and does not claim under such mortgage.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order refusing a new trial. Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Barclay Henley, and Frank S. Brittain, for Respondent.

BURNETT, J.—The action was brought to quiet title to a tract of land in San Mateo County and, at the trial, on motion of plaintiff, was dismissed as to all the defendants except Barclay Henley who, in accordance with his claim, was found by the court to be the owner of an undivided one-third of the property.

The principles of law applied by the trial court and upon which respondent relies are, as substantially stated by him, the following: First: The plaintiff must rely exclusively on the strength of his own title and not on the weakness of that of his adversary. Or, as is stated in *Shroder* v. *Aden etc. Co.,*

144 Cal. 628, [78 Pac. 20] : "This is in the nature of a suit to quiet title and in such a case the plaintiff must obtain judgment on the strength of his own title, and if it be shown he has no title, it becomes immaterial to inquire into the defendant's rights." Second: Each party is an actor in the suit, a cross-complaint being unnecessary, and a decree quieting his title is awarded to the one establishing his case. (*Wilson* v. *Madison,* 55 Cal. 5; *Miller* v. *Luco,* 80 Cal. 257, [22 Pac. 195].) Third: The *status* of cotenancy like other conditions is subject to the presumption that it continues as long as is usual with things of that nature. (Code Civ. Proc., sec. 1963, subd. 32; *Hohenshell* v. *Southern Riverside etc. Co.,* 128 Cal. 627, [61 Pac. 371].) Fourth: The possession of one cotenant is presumed to be the possession of all, and this presumption can be overcome only by showing that the hostile intent of one is clearly manifested and is brought home to all. The presumption is not overcome by a showing merely that one tenant has failed to recognize the rights of his cotenant. To accomplish this result the possession of the tenant must be with the intent to hold adversely and it must appear that such intent has been "indicated by acts calculated to exclude the complainants from all participation as tenants in common." (*Colman* v. *Clements,* 23 Cal. 245; *Hoppe* v. *Fountain,* 104 Cal. 94, [37 Pac. 894] ; *Brown* v. *McKay,* 125 Cal. 291, [57 Pac. 1001].) Fifth: Since it is the duty of a cotenant to pay the taxes, he cannot strengthen his title by permitting them to become delinquent, nor by paying them until open hostility is manifested. (*Emeric* v. *Alvarado,* 90 Cal. 444, [27 Pac. 356]. Sixth: A deed in foreclosure is *prima facie* evidence of title and possession. (*Nathan* v. *Dierssen,* 146 Cal. 63, [79 Pac. 739].) Seventh: A void foreclosure of a mortgage does not relieve the property of the lien of the mortgage and a decree will not be made quieting the title as against the lien. (*Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196].) Eighth: A mortgage carries the after-acquired title of the mortgagor, and one claiming under the mortgagor cannot have his title quieted in equity without paying the mortgage debt; in other words, he who seeks equity must do equity. (*Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196].)

As to plaintiff's title, the claim is, first, by the record, and second, by prescription. Of these, in their order, brief consideration will be given.

In 1883 plaintiff received a deed from Francisco Moreno purporting to convey the entire title to plaintiff. On December 8, 1908, he received from the state controller a certificate of redemption of said real estate purchased by the state for delinquent taxes for the years 1903, 1904, 1905, 1906, and 1907. The property was sold in 1890 to one William Rollins by the tax-collector of San Mateo County for delinquent taxes for the year 1889 and the certificate of sale was assigned by Rollins, on April 28, 1900, to plaintiff. Similar proceedings took place in 1891 on account of the delinquency of the taxes for 1890.

The foregoing matters appear in the evidence offered by plaintiff and were sufficient, no doubt, to make out a *prima facie* case in his favor, but such effect was completely nullified by what follows. One Jose Miguel Moreno, who was then the owner of the land in controversy, conveyed it to trustees to hold in trust for his daughter, Rosa Ann Moreno, till she was 21 years old, and in the event of her death, to convey the same to William C. Moreno and Francisco Moreno, her brothers. Subsequently Rosa Ann Moreno died and L. O. Morford was appointed her administrator. Thereafter the said Jose Miguel Moreno died and Charles N. Fox was appointed the executor of his last will and testament. On April 13, 1887, an action was brought in the superior court of San Mateo County by S. O. Morford, administrator as aforesaid, against Charles N. Fox, as executor of said last will and testament of Jose Miguel Moreno, William C. Moreno, Francisco Moreno, certain other persons, and John G. Klumpke, the plaintiff herein, to determine the title to the property herein and the various conflicting claims thereto. Among others, Mr. Klumpke answered, on May 19, 1887, and he set up the same deed on which he relies in this suit and which he received while proceedings were pending in the estate of the said Rosa Ann Moreno, deceased. Among the findings of the court were that the tax-deeds upon which Klumpke then relied were void and that "William G. Moreno, J. G. Klumpke (as grantee of said Francisco) and the estate of Rosa Ann Moreno, deceased, are each entitled to an undi-

vided one-third of the premises in dispute and hereinbefore described as tenants in common." These findings were signed and filed on March 12, 1892. The decree following the findings was signed August 31, 1893, but was filed October 4, 1902, "*nunc pro tunc* as of date August 31, 1893." There was no appeal from said judgment and it became final.

The effect of that judgment was to estop Klumpke and any one who might claim under him from asserting title, by reason of anything occurring anterior to said judgment, to the two-thirds awarded to the estate of Rosa Ann Moreno and William C. Moreno. (*Riverside etc. Co.* v. *Jensen*, 108 Cal. 146, [41 Pac. 40].)

There is nothing in the record to show that either the third interest of the said estate of Rosa Ann Moreno or of William C. Moreno ever passed to plaintiff. It is very clear, therefore, that his proof of record title to anything except an undivided one-third interest wholly and absolutely failed. If nothing else then appeared, under the presumption as to things continuing, we should conclude that at the time of the trial said parties were cotenants, each owning an undivided one-third interest in said property.

But against this there is the remaining contention of title by prescription. This claim is entirely unsupported by the record.

This consideration is divisible into the two elements: 1. The open, notorious, exclusive and hostile possession; and, 2. The payment of the taxes.

Appellant utterly failed in each respect to make out a sufficient case. We may consider together the character of the possession and the question of taxes, dividing the time into two periods, prior and subsequent to the death of Judge Fox.

As to the first, the only evidence of any hostility to the claim of his cotenants was the declaration of appellant that he claimed the whole property, made to Judge Fox while the latter was collecting the rents. There is no evidence that this was brought home to any of the other cotenants. That it did not constitute an *ouster* requires no argument. Its insufficiency to satisfy the exaction of adverse possession and to overcome the presumption in favor of the cotenancy is entirely clear.

As to the possession itself, this was had by a renter who, in the absence of a showing to the contrary, is presumed to

have held under all the cotenants. During this period, Judge Fox, the personal representative of the estate of Jose Miguel Moreno, the said Moreno being one of the heirs of Rosa Ann Moreno, paid the taxes, presumably for all the cotenants.

The period subsequent to the death of Judge Fox and prior to the beginning of the action was not of sufficient length for the acquisition of a title by prescription. Besides, there was lacking at least one other essential element,—namely, the payment of taxes. Of course, plaintiff could claim nothing from his purchase of the property at a tax-sale. The law does not permit any advantage to be gained by such procedure. If a cotenant permits the property to be sold and buys it in, either in person or through the agency of another, his purchase is considered a mode of paying the taxes for the benefit of himself and his cotenants. (*Christy* v. *Fisher,* 58 Cal. 256.)

Appellant testified to the foregoing as follows: "Mr. Fox paid the taxes until he died and then it went over to the state and I didn't pay them—and then afterwards I redeemed it."

As to his claim of right, it is true, appellant did testify: "I have for many years prior to the commencement of this action been claiming to hold the land in fee." But it is manifest such a generalization, in the absence of probative facts, can amount to nothing to establish the hostile character of possession.

In this connection, it may be said that, upon the theory that plaintiff was acting in good faith, it is strange that when Mr. Henley called to see him about the payment of the taxes, appellant did not assert his ownership of the entire property. Mr. Henley testified that he said to him: "We were cotenants of that property and now that Judge Fox was dead, he had been attending to the property for both of us, and paying the taxes, that I wanted him to pay his two-thirds and I would pay my one-third" and that appellant's reply was evasive, that "he failed to favorably respond to my request" but that he did not say that Mr. Henley had no interest in the property. In rebuttal, plaintiff denied some of the statements of Mr. Henley, but he did not testify that at the time of the interview he asserted his claim to the entire property.

Plaintiff failed, therefore, to establish any title either by the record or by adverse possession to the one-third interest claimed by respondent.

But the latter, essaying the role of actor, established, to the satisfaction of the court, the legal verity of his title to said interest. As to this, the conclusion of the court is just as free from doubt as to the claim of appellant already considered.

The basis of respondent's claim is stated by himself as follows: "The only person who could attack Mr. Henley's title in the William C. Moreno one-third is William C. Moreno himself or some one claiming directly under him. In the suit of Morford *v.* Fox it was adjudged that William C. Moreno, until deed to his mother, was a cotenant owning one-third interest in the property.

"William C. Moreno mortgaged to Barclay Henley, and Mrs. Josepha Gonzales (the mother), to whom William C. Moreno had theretofore made a deed, shortly thereafter mortgaged the same property to Mr. Henley, reciting the consideration of $500 and stating it was intended as a mortgage to secure the payment of the note set forth in the mortgage from William C. Moreno.

"The judgment-roll in the foreclosure suit of Henley *v.* Morford was introduced in evidence, followed by the sheriff's deed, under the foreclosure decree.

"This evidence constitutes a complete chain of title showing the vesting of the William C. Moreno undivided one-third interest held·in cotenancy in Barclay Henley. As stated before, it would be good as against the attack of William C. Moreno himself, and as against the collateral attack of Mr. Klumpke it is impregnable."

Plaintiff, by reason of certain alleged irregularities in the proceedings, does indeed question the validity of said judgment, but, conceding that, although he has not connected himself at all with the said William C. Moreno title, he is in a position to attack it, it is plain that said judgment is not void but at most voidable, and he simply brings himself within the doctrine of collateral attack which requires him to overcome the presumption of jurisdiction. It is unnecessary to notice his specific objections to said judgment as we are satisfied the assault is futile. The principles governing a collateral attack are stated in *Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 220], and *Eichoff* v. *Eichoff,* 107 Cal. 42, [48 Am. St. Rep. 110, 40 Pac. 24], to which it is sufficient to refer.

.

But if the judgment was void and the mortgage is still unforeclosed, as contended for by appellant, he is not aided in any way. Upon this theory the debt is still unpaid and the one-third interest is still subject to the lien of the mortgage, and while, strictly speaking, respondent might not be entitled to a decree quieting his title, it is clear in any event that appellant would be required to pay the debt in order to destroy the lien of the mortgage and, for reasons already appearing, he is in no position to question the judgment in favor of respondent.

It is stated in *Burns* v. *Hiatt* that ''It is clear that where, for any reason, foreclosure proceedings are void, the legal title continues subject to the lien of the unpaid mortgage, and it appears to be well settled that a purchaser of the property at a foreclosure sale in such void proceedings thereby becomes an assignee of such mortgage and the debt thereby secured, of which the mortgage is an incident; with all the rights of the original mortgagee,'' and it is further stated that one standing in the position of the mortgagor cannot quiet his title against such assignee or mortgagee without paying or offering to pay the debt, even though the mortgage debt be barred by the statute of limitations.

But it is true also that appellant is in no position to avail himself even of this advantage, since he has shown no title to said one-third interest.

It is conceded by respondent that certain matter was stricken from the complaint by the court on motion that ought to have been left in. Respondent states: ''This mistake is one that the court and counsel on both sides fell into and the order striking out portions of the complaint referred to was completely lost sight of on the trial, so that all testimony that was offered or could have been admitted under the allegation stricken out was admitted; in other words, the case was tried upon the theory that all allegations respecting adverse possession, payment of taxes, etc., were not stricken out and there is not a scrap of testimony that could have been introduced under these allegations that was even objected to.''

This is not denied by appellant and our examination of the transcript confirms the statement. It is therefore plain that appellant was not prejudiced by the error. (*Gale* v. *Tuol-*

*umne Water Co.,* 14 Cal. 25,; *Tynan* v. *Walker,* 35 Cal. 645, [95 Am. Dec. 152] ; *Cave* v. *Crafts,* 53 Cal. 141.)

It is believed that there is no merit in the appeal and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1914, and the following opinion was rendered thereon on April 24, 1914:

THE COURT.—The petition for a transfer of the cause to this court after hearing and determination in the district court of appeal for the third appellate district is denied.

The affirmance of the judgment and order appealed from may properly rest on the following positions stated in the opinion of the district court: 1. That Henley had shown himself to be the owner of an undivided one-third interest in the premises; and, 2. That the plaintiff had failed to show, as against Henley, the acquisition of that one-third interest by prescription or otherwise.

The opinion goes further, however, and declares that even if Henley had not acquired title by a valid foreclosure, the plaintiff would be required to pay the mortgage debt as a condition to having his title quieted against the outlawed mortgage. The doctrine invoked is well settled (*Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196], and cases cited), but it has no application to a plaintiff who is not the original mortgagor and does not claim under such mortgagor. (*Marshutz* v. *Seltzor,* 5 Cal. App. 140, [89 Pac. 877].) This is the position of the plaintiff here. He does not assert title as successor to William C. Moreno or Mrs. Gonzales, the mortgagors, but claims adversely to them.

We do not, therefore, approve the part of the opinion which indicates a contrary view on this point. But, as has already been stated, the judgment of the district court of appeal does not require for its support a decision on this question.