[Civ. No. 537. Fourth Appellate District.—March 17, 1932.]

CALIFORNIA PUBLIC IMPROVEMENT SECURITIES, INCORPORATED, Appellant, v. HENRY PORTER et al., Defendants; LOUIS GRAHAM, Executor, etc., Respondent.

U. S. Fitzpatrick for Appellant.

M. H. Broyles for Respondent.

LAMBERT, J., *pro tem.*—Plaintiff and appellant brought an action against Henry Porter and Louis Graham, the executors of the estate of Bettie Johnson, deceased; to quiet title to certain real property situated in the city of Los Angeles, California. Henry Porter died pending the trial, and Louis Graham is the surviving executor and respondent herein.

The amended complaint was in the usual form of such action. The answer in substance denied the claim of appellant and alleged defendants to be the owners in fee, and asked that title be quieted in defendants. The court made findings of fact and conclusions of law and granted judgment quieting the title of the defendants as executors of the estate of Bettie Johnson, deceased. The appellant made a motion under section 663 of the Code of Civil Procedure to have this judgment vacated and judgment entered in favor of plaintiff and appellant. This motion was denied, but the court did order the judgment vacated, and entered another judgment on the same findings and conclusions quieting title in defendants. The last judgment entered changed the wording of the former judgment, the former judgment having read that the title was quieted in

the estate of Bettie Johnson, instead of naming the executors.

The appellant prosecutes this appeal under the alternative method on the typewritten record. Appellant contends that judgment should be reversed because, (1) The judgment is not supported by the evidence or the findings of fact; (2) the findings of fact are not supported by the evidence; (3) error of the court after vacating first judgment following appellant's motion under section 663 of the Code of Civil Procedure, in not entering judgment for plaintiff and appellant; (4) that the court quieted title in defendant without any evidence of title being introduced or any finding of title in defendant.

The plaintiff at the trial introduced a deed from the city of Los Angeles to A. F. Moser, which deed had been executed by virtue of sale of the property described in the complaint to pay a delinquent assessment bond in the sum of $55.45, issued pursuant to Street Improvement Act of 1913, approved June 16, 1913, and amendments thereto (Stats. 1913, p. 955), also a grant deed from A. F. Moser to plaintiff. The introduction of these deeds made a *prima facie* case for the plaintiff under section 42 of the Act of 1913, *supra*. The witness Moser, on cross-examination, testified that he served the notice required to be served by section 41 of the act above referred to, not on the occupant of the premises, but on a lady who said she was the occupant. The plaintiff at this point rested its case. The defendant introduced evidence showing that the executors of the estate of Bettie Johnson were in control of the property and then introduced the affidavit of service required by section 41 of the Act of 1913, *supra*, which section reads, so far as material here:

" . . . *provided, however*, that the purchaser of the property, or his assignee, or agent, must, thirty days prior to the expiration of the time of the redemption, or thirty days before his application for a deed, serve upon the owner or agent of the property purchased, if named in such certificate of sale, and upon the party occupying the property, if the property is occupied, a written notice, stating that said property, or a portion thereof, has been sold to satisfy the bond lien, the date of sale, the date, number, and series of the bond, the amount then due, and

the time when the right of redemption will expire, or when the purchaser will apply for a deed, and the owner of the property shall have the right of redemption indefinitely, until such notice shall have been given and said deed applied for, upon the payment of the fees, penalties, and costs in this act required.''

It thus appears that the proceedings had not been strictly followed and the deed to Moser was void. The rule covering tax deeds is tersely stated in *Warden* v. *Bittleson Law etc. Agency*, 41 Cal. App. 1, at page 3 [181 Pac. 834, 835], thus:

''Assessments for street improvements, like tax proceedings, are *in invitum*, and where the statute prescribes the notice which is to divest the owner of his title, that notice must be given. None other will suffice. A court will not be justified in saying that some other kind of notice would be equally effective. The express requirements of the statute cannot be avoided on the ground that they serve no useful purpose. It is never a question whether, by reason of some omission, the owner has been injured or misled, but whether there has been a compliance with everything the law makes a condition precedent to the right to a deed.'' (See, also, *Chapman* v. *Jocelyn*, 182 Cal. 294, at 298 [187 Pac. 962].)

It will be seen that according to section 41 of the Act of 1913, *supra*, the purchaser was required to serve upon the owner or agent of the property purchased, if named in such certificate of sale, and upon the party occupying the property, if the property is occupied, a written notice. No notice was served upon the owner or his agent. The affidavit of service was not sufficient. It reads:

''State of California,
County of Los Angeles—ss.

''A. F. Moser, being first duly sworn upon oath deposes and says that he personally served written notice of which the within is a true copy and is hereby referred to and made a part of this affidavit, upon Pearl Coming, who said she was the occupant of the property described in said notice, on the 19th day of October, 1926, personally at 2702 Hyams Street on said day and deponent further says that he is said purchaser of said property described in said notice and that he purchased same at the sale thereof for the nonpay-

ment of street improvement bond for the amount and in the manner described in said notice."

It did not show service on the occupant or any facts to excuse service on the owner. The appellant having failed to show title in itself, the court did not err in refusing to enter judgment in favor of the plaintiff (*Kilfoil* v. *Warden*, 46 Cal. App. 502 [189 Pac. 303]; *Klumpke* v. *Henley*, 24 Cal. App. 35 [140 Pac. 289, 313]).

It is claimed by appellant that the court decreed the defendants to be the owners without any evidence of title. The respondent's answer to this is, "evidence was given by defendant as to title being in himself (transcript ——, line ——)". Notwithstanding respondent's dereliction in this particular, we have examined the record and find appellant's contention to be true. However, this error of the court is one of which appellant is not in a position to complain. In *Rockey* v. *Vieux et al.*, 179 Cal. 681 [178 Pac. 712], which was an action to quiet title and the answer set up title and possession in defendants, the court found the defendant Vieux was the owner in fee, in possession, and entered judgment quieting his title against the claims of the plaintiff. It was claimed in this case that the defendant had no proof of title in himself, and the court, in the course of its opinion, at page 682, said:

"The defendants claimed under a tax deed, and the appellants argue that the tax proceedings were defective and the deed void. But they totally failed to show that they themselves had any title or interest whatever in the property, or that they had ever been in possession of it. Their own evidence consisted simply of a decree of distribution made by the superior court, sitting in probate, in the matter of the estate of one Ferdinand Smith, deceased. By the terms of this decree there was distributed to the plaintiffs, among other property, the land in controversy. There was no attempt, however, to show that Smith, the decedent, had any interest in the land. The plaintiff in an action of this kind must show title in himself. His right to recover must rest on the strength of his own title—not the weakness of defendants." . . .

"Of course, where both parties claim title from a common source it is not necessary to prove title in the grantor. (*McGorray* v. *Robinson*, 135 Cal. 312 [67 Pac. 279].) But

that was not the situation here. The plaintiffs' claim, as already stated, was under Ferdinand Smith, while the defendants relied upon a patent from the state of California to one Craig, and a subsequent tax deed to one Tyler, who had deeded to the defendants. There is no need, therefore, to consider whether the tax sale and deed were regular and valid. The plaintiffs having failed to show either title or possession in themselves, they 'cannot complain that someone else, also without title, asserts an interest in the land. . . . A defendant in such an action may always effectually resist a decree against himself, by showing simply that plaintiff is without title.' (*Williams* v. *City of San Pedro,* 153 Cal. 44, 49 [94 Pac. 234, 236], and cases cited.) And, having shown no interest in the land, the plaintiffs are not aggrieved by a judgment declaring someone else to be the owner.''

Appellant also claims the court should not have quieted title in defendants without compelling the payment of the amount of the bond and interest. It is not necessary to discuss this question for the judgment quieted the title but did not destroy the lien, and in the conclusions of law the court specifically provided that the property was subject to the lien of the street assessment bond in the sum of $55.45, with interest, in favor of A. F. Moser.

This disposes of all the contentions raised by appellant. For the reasons given, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.