[Civ. No. 17119.   Second Dist., Div. Two.   Dec. 12, 1949.]

LORETTA RIDGWAY, as Special Administratrix, etc., Appellant, v. CLAUDE A. RIDGWAY et al., Respondents.

Roland Maxwell and Paul H. Marston for Appellant.

Paul R. Hutchinson and Launer, Chaffee & Launer for Respondents.

McCOMB, J.—Plaintiff's decedent, John L. Ridgway, filed an action against defendants to quiet title to certain real property. While the action was pending, Mr. Ridgway died and Loretta Ridgway, special administratrix of his estate, was substituted as plaintiff herein. After trial before the court without a jury judgment was entered in favor of defendants decreeing that plaintiff had no interest in the property and enjoining her from asserting any right thereto. From this judgment plaintiff appeals.

The evidence being viewed pursuant to the rules set forth in the *Estate of Isenberg*, 63 Cal.App.2d 214, 217 [146 P.2d 424], and *Shaver* v. *Canfield*, 21 Cal.App.2d 734, 736 [70 P.2d 507], the record discloses the following facts:

Decedent and Anise Ridgway were married in 1882. There were five children of the marriage who are defendants in the present action. Subsequent to their marriage decedent and his wife lived in Oklahoma until they came to California in 1908. They lived together here until the date of her death in 1942. In 1940, decedent and his wife told their son Claude that they desired to tranfer all of their property to their children, and asked him if he knew anyone they might consult regarding the matter. At this time decedent was 78 and his wife was 80 years of age. In October, 1940, decedent and his wife went to an attorney's office where they gave instructions to him to prepare deeds transferring the property to their children. Subsequently on May 3, 1941, in the office of the attorney, decedent executed the deeds which had been prepared, told the attorney to keep the deeds and to deliver them to Claude Ridgway, their son. Sometime later on the same day this was done. Claude Ridgway in turn gave the deeds to his sister, Delpha, who placed them in her safe deposit box and in February, 1947, the deeds were placed of record. At the same time Anise Ridgway had deeded all of her interest in the property held by her husband and herself to John L. Ridgway, her spouse. On June 19, 1942, decedent's wife, Anise Ridgway, died. On January 1, 1943, decedent married Loretta Ridgway. On March 19, 1947, the present action was filed by decedent. In July, 1947, he was adjudicated incompetent and on December 17, 1947, he died.

■ *Questions:* First: *Was there substantial evidence to sustain the following findings?*

*(a) That the deeds here in question were delivered to the grantees.*

This question must be answered in the affirmative. The finding is supported by the evidence hereinafter set forth and these rules of law:

(1) An unrecorded instrument is valid as between the parties and those who have notice thereof. (Civ. Code, § 1217.)

(2) A grant deed not actually delivered into the possession of the grantee is deemed constructively delivered where it is handed to a stranger for the benefit of the grantee and his assent made known or presumed. (Civ. Code, § 1059, subsec. 2.)

Kenneth E. Morrison, the attorney consulted by decedent and his wife, gave testimony regarding his conversations with them. They asked if it would be possible to give their property to their children and make a will for what was left after

deeding out the property. The attorney advised them it would be possible to deed their property to the children, but they must understand that in deeding the property, the deeds must be delivered. This would mean that if the children desired to record the deeds decedent and his wife would lose complete control of the property, and he suggested that because of the seriousness of the matter they should think it over and discuss the matter with him later. He testified that two more conversations followed relative to the disposition of their property during the period from October, 1940, to May 3, 1941. Thereafter, pursuant to the request of decedent and his wife, Attorney Morrison prepared deeds naming the children as grantees, and on May 3, 1941, these deeds were executed by decedent in the attorney's office, at which time he told them the deeds must be delivered. He also stated that if they were delivered and the grantees desired to record them the grantors would lose control of their property. Mr. and Mrs. Ridgway, Sr., stated they understood the matter and desired it to be that way.

After executing the deeds they were handed to Attorney Morrison with instructions to deliver them to Claude Ridgway. This was done the same day and thereafter Claude Ridgway gave the deeds to his sister, Delpha, who in turn placed them in a safe deposit box where they remained until they were recorded February 3, 1947. Claude Ridgway testified that while he was taking his mother and father home from Attorney Morrison's office after they had signed the deeds, his mother said to him: "Well, we don't own any more property. We have given it all to you children."

The foregoing testimony in conjunction with rules (1) and (2), *supra*, without question sustain the trial court's finding that the deeds were delivered to the grantees. Conflicting inferences and testimony we must, of course, on appeal disregard.

■ *(b) That after the deeds were delivered the grantees held the title to the property in fee simple absolute, and that a trust was not created.**

---

*The trial court found: "It is true that on May 3, 1941, the said John L. Ridgway and the said Anise Ridgway, his wife, desired to transfer and deed all their right, title and interest in and to said properties to their children and grandchildren hereinafter mentioned and in the manner and form hereinafter described; that it was their intention and purpose at said time to make absolute transfer and conveyance of the legal title to said properties to said persons, and to then and there relinquish all of their right, title and interest therein, and it was

This question must likewise be answered in the affirmative. The testimony set forth above clearly shows that the deeds were delivered with the intent of conveying all of the grantors' right, title and interest in their property to the grantees free of any trust or claim whatsoever. Such being the case the testimony supports the questioned finding.

■ Second: *Did the trial court err in granting defendants affirmative relief, since a cross-complaint was not filed in the action?*

This question must be answered in the negative. As part of its judgment the trial court made the following order: "It is further ordered, adjudged and decreed that the substituted plaintiff herein, Loretta Ridgway, as special or general administratrix of the estate of John L. Ridgway, deceased, at no time has had, nor does she now have, any right, title or interest in or to said properties, or any part thereof, and she should be and is enjoined from asserting any right, title or interest therein." Such an order is correct. In an action to quiet title, even though defendant does not file a cross-complaint or ask for any affirmative relief, a decree declaring that defendant has title, and enjoining plaintiff from further setting up a claim thereto, is a proper form of judgment. (*Wolf* v. *Gall,* 174 Cal. 140, 141, 144 et seq. [162 P. 115]; *cf., California Pub. Imp. Securities, Inc.* v. *Porter,* 121 Cal. App. 670, 674 [9 P.2d 877].)

In view of our conclusions it is unnecessary to attempt to demonstrate that the delivery of the deed did not have the effect of creating a trust.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied January 3, 1950, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1950.

---

their intent to deliver deeds and good and sufficient instruments of conveyance to said persons at said time, and thereafter leave said persons in exclusive control of the same and to relinquish any further right or control of the same. It is true that on said date said deeds and instruments of conveyance were prepared at their special instance and request and with full knowledge of the effect thereof, and were delivered into the possession and control of the defendant herein with the intent and for the purpose of transferring title and control to the defendants, and that ever after said time the said John L. Ridgway had no right, title or interest in or to any of the properties hereinafter described; and it is true that the said properties were thereafter owned in fee simple title absolutely by the defendants as hereinafter described."